UNITED STATES DISTRICT COURT  **EX. "A"**
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20748-CIV-HOEVELER/BROWN

APPLE CORPS LIMITED and APPLE RECORDS, INC.,

        Plaintiffs,

v.

FUEGO ENTERTAINMENT, INC., ECHO-FUEGO
MUSIC GROUP LLC, ECHO-VISTA INC., HUGO M.
CANCIO and JEFFREY COLLINS,

        Defendants.
_____/

### DECLARATION OF HUGO M. CANCIO
### IN SUPPORT OF THE FUEGO DEFENDANTS'
### OPPOSITION TO PLAINTIFFS' MOTION TO SET EMERGENCY HEARING

Hugo M. Cancio states as follows:

1.     I am more than 18 years of ago, am competent to testify, and have personal knowledge of the facts set forth herein.

2.     I am president and CEO, and majority shareholder, of Fuego Entertainment, Inc. ("Fuego"), a publicly-traded company.

3.     Fuego Entertainment, Inc. is the majority shareholder in Echo-Fuego Music Group LLC ("Echo-Fuego"). (Fuego, Echo-Fuego and I, collectively, are referred to herein as the "Fuego Defendants.")

4.     Pursuant to a Joint Venture agreement between Fuego, on the one hand, and Jeffrey Collins and his company Echo-Vista Inc., on the other hand, Echo-Fuego obtained from Jeffrey Collins all rights to the master tape recordings of the 1962 Star-Club performance by The Beatles that are the subject of the dispute in the above-named

Dockets.Justia.com

lawsuit (hereinafter, the "Master Recordings"). The Joint Venture agreement further provides that the Master Recordings cannot be publicly released without the consent of Fuego Entertainment as the majority shareholder in the joint venture.

5. After entering into the Joint Venture agreement with Mr. Collins, Fuego announced Echo-Fuego's acquisition of the Master Recordings on Fuego's website, and made available a small portion of the Master Recordings (consisting solely of live recordings of songs subsequently studio recorded by The Beatles) to subscribers to its Fuego Plus membership. I subsequently was contacted by Plaintiffs and entered into good faith negotiations with Plaintiffs regarding the release the Master Recordings.

6. By letter sent in January 2008, Plaintiffs requested that the Fuego Defendants cease referring to the Beatles band by using a particular stylized mark and that the Fuego Defendants remove the portions of the Master Recordings then streaming on Fuego's website, both by January 31, 2008. I subsequently sent a request to my website developer to do so and they were removed prior to the deadline set by Plaintiffs.

7. Although the Fuego Defendants agreed not to release the Master Recordings, as stated above, I was encouraged by the receipt of telephone calls from the President of Apple Records to believe that we would be able to work out an agreement with Apple. Therefore, I put out a press release dated February 21, 2008, stating that Echo-Fuego was proceeding with the digital re-mastering of the Master Recordings in preparation for their release "in the future." In making that statement, I did not state, mean, or intend to imply, that the re-mastered Master Recordings would be released in the immediate future. While the Fuego Defendants maintain that they are the rightful and lawful owners of the

Master Recordings, Echo-Fuego had no intention of releasing the Master Recordings to the public pending the results of good faith negotiations with Plaintiffs.

8. I hereby affirmatively state, on behalf of each of the Fuego Defendants, that (i) the Fuego Defendants have possession and control of the Master Recordings pursuant to the Joint Venture agreement; and (ii) the Fuego Defendants will not release the Master Recordings, or any portion thereof, and will not permit any other person or entity to do so, until either (i) the resolution of the question of the ownership of the Master Recordings, whether through this litigation or otherwise; or (ii) the Fuego Defendants have reached an agreement with the Plaintiffs concerning the release of the Master Recordings. I further affirmatively state on behalf of the Fuego Defendants that, absent the express agreement of the Plaintiffs that the Fuego Defendants may release the Master Recordings, the Fuego Defendants will maintain the status quo until after the resolution of this lawsuit.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 26th day of March, 2008, at Miami, Florida.

_____
Hugo M. Cancio
On behalf of the Fuego Defendants