# EX. "A"

# Copyright Law (Urheberrechtsgesetz, UrhG)

In the version published on 9 September 1965, as last amended on 8 May 1998

Translation provided by the International Bureau of WIPO and reproduced with kind permission.

---

**Table of Contents**

Part I Copyright

    Section I General

        Article 1

    Section II Works

        Article 2 Protected Works
        Article 3 Adaptations
        Article 4 Collections and database Works
        Article 5 Official Works
        Article 6 Published Works and Released Works

    Section III Authors

        Article 7 Author
        Article 8 Joint Authors
        Article 9 Authors of Compound Works
        Article 10 Presumption of Authorship

    Section IV Scope of Copyright

        1. General

            Article 11

        2. Moral Rights of Authors

            Article 12 Right of Publication
            Article 13 Recognition of Authorship
            Article 14 Distortion of the Work

        3. Exploitation Rights

            Article 15 General
            Article 16 Right of Reproduction
            Article 17 Distribution Right
            Article 18 Right of Exhibition
            Article 19 Right of Recitation, Performance, and Presentation
            Article 20 Right of Broadcasting
            Article 20a European Broadcasts Transmitted by Satellite

Copyright Law (Urheberrechtsgesetz, UrhG)                                    Page 2

Article 20b Cable Retransmission
Article 21 Right of Communication by Video or Audio Recordings
Article 22 Right of Communication of Broadcasts
Article 23 Adaptations and Transformations
Article 24 Free Use

4. Other Rights of Authors

Article 25 Access to Works
Article 26 Resale Royalty Right
Article 27 Remuneration for Rental and Lending

Section V Dealings with Rights in Copyright

1. Succession to Copyright

Article 28 Inheritance of Copyright
Article 29 Transfer of Copyright
Article 30 Successor in Title of Author

2. Exploitation Rights

Article 31 Granting of Exploitation Rights
Article 32 Limitation of Exploitation Rights
Article 33 Continuing Effect of Non-exclusive Exploitation Rights
Article 34 Transfer of Exploitation Rights
Article 35 Grant of Non-exclusive Exploitation Rights
Article 36 Author's Participation
Article 37 Agreements to Grant Exploitation Rights
Article 38 Contributions to Collections
Article 39 Alteration of Work
Article 40 Agreements as to Future Works
Article 41 Right of Revocation for Non-exercise
Article 42 Right of Revocation for Changed Conviction
Article 43 Authors in Employment or Service
Article 44 Sale of the Original of a Work

Section VI Limitations on Copyright

Article 45 Administration of Justice and Public Safety
Article 46 Collections for Religious, School or Instructional Use
Article 47 School Broadcasts
Article 48 Public Speeches
Article 49 Newspaper Articles and Broadcast Commentaries
Article 50 Visual and Sound Reporting
Article 51 Quotations
Article 52 Public Communication
Article 53 Reproduction for Private and Other Personal Uses
Article 54 Obligation to Pay Remuneration for Reproduction by Means of Video and Audio Recording
Article 54a Obligation to Pay Remuneration for Reproduction by Means of Photocopying
Article 54b Inapplicability of the Dealer's Obligation to Pay Remuneration
Article 54c Inapplicability of the Obligation to Pay Remuneration on Export

Copyright Law (Urheberrechtsgesetz, UrhG)                                    Page 3

Article 54d Amount of Remuneration
Article 54e Obligation to Refer in Invoices to Copyright Remuneration
Article 54f Obligation to Report
Article 54g Obligation to Provide Information
Article 54h Collecting Societies, Handling of Reports
Article 55 Reproduction by Broadcasting Organizations
Article 55a Use of a Database Work
Article 56 Reproduction and Public Communication by Commercial Enterprises
Article 57 Incidental Works
Article 58 Catalog Illustrations
Article 59 Works in Public Places
Article 60 Portraits
Article 61 Compulsory License for the Production of Audio Recordings
Article 62 Prohibition of Alteration
Article 63 Acknowledgment of Source

Section VII Duration of Copyright

Article 64 General
Article 65 Joint Authors, cinematographic works
Article 66 Anonymous and Pseudonymous Works
Article 67 Serial Works
Article 68 (Repealed)
Article 69 Calculation of Time Limits

Section VIII Special Provisions on Computer Programs

Article 69a Object of Protection
Article 69b Authors in Employment or Service
Article 69c Restricted Acts
Article 69d Exceptions to the Restricted Acts
Article 69e Decompilation
Article 69f Infringement of Rights
Article 69g Application of Other Legal Provisions; Law of Contract

Part II Neighboring Rights

Section I Protection of Certain Editions

Article 70 Scientific Editions
Article 71 Posthumous Works

Section II Protection of Photographs

Article 72

Section III Protection of Performers

Article 73 Performers
Article 74 Transmission by Screen or Loudspeaker
Article 75 Recording, Reproduction and Distribution
Article 76 Broadcasting
Article 77 Public Communication

Copyright Law (Urheberrechtsgesetz, UrhG)                                      Page 4

Article 78 Assignment
Article 79 Performers in Employment or Service
Article 80 Choral, Orchestral and Stage Performances
Article 81 Protection of Organizers
Article 82 Duration of Rights
Article 83 Protection Against Distortion
Article 84 Limitation of Rights

Section IV Protection of Producers of Audio Recordings

Article 85 Right of Reproduction and Distribution
Article 86 Right of Participation

Section V Protection of Broadcasting Organizations

Article 87

Section VI Protection of the Maker of a Database

Article 87a Definitions
Article 87b Rights of the Maker of the Database
Article 87c Limitations on the rights of the Maker of a Database
Article 87d Term of Protection
Article 87e Contracts Dealing with the Use of a Database

Part III Special Provisions on Films

Section I Cinematographic Works

Article 88 The Right of Cinematographic Adaptation
Article 89 Rights in Cinematographic Works
Article 90 Limitation of Rights
Article 91 Rights in Photographs
Article 92 Performers
Article 93 Protection Against Distortion
Article 94 Protection of Producers of Films

Section II Moving Pictures

Article 95

Part IV Common Provisions on Copyright and Neighboring Rights

Section I Prohibition of Exploitation

Article 96

Section II Infringements

1. Civil Law Provisions; Remedies

Article 97 Actions for Injunction and Damages

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 5

Article 98 Claim to Destruction or Surrender of Copies
Article 99 Claim to Destruction or Surrender of Devices
Article 100 Liability of the Owner of an Enterprise
Article 101 Exceptions
Article 101a Claim to Information in Respect of Third Parties
Article 102 Prescription
Article 103 Publication of Judgment
Article 104 Legal Recourse
Article 105 Courts for Copyright Litigation

2. Criminal Law Provisions

Article 106 Unauthorized Exploitation of Copyrighted Works
Article 107 Unlawful Affixing of Designation of Author
Article 108 Infringement of Neighboring Rights
Article 108a Unlawful Exploitation on a Commercial Basis
Article 109 Criminal Prosecution
Article 110 Confiscation
Article 111 Publication of the Judgment

3. Measures by the Customs Authorities

Article 111a

Section III Enforcement

1. General

Article 112

2. Enforcement of Claims for Money Against Authors

Article 113 Copyright
Article 114 Originals of Works

3. Enforcement of Claims for Money Against Successors in Title of Authors

Article 115 Copyright
Article 116 Originals of Works
Article 117 Executor

4. Enforcement of Claims for Money Against Authors of Scientific Editions and Against Photographers

Article 118

5. Enforcement of Claims for Money on Certain Devices

Article 119

Part V Scope of Application

Copyright Law (Urheberrechtsgesetz, UrhG)                                             Page 6

Transitional and Final Provisions
Section I Scope of the Law

1. Copyright

Article 120 German Nationals and nationals of another Member State of the EU or
of another Contracting State of the Convention Concerning the EEA
Article 121 Foreign Nationals
Article 122 Stateless Persons
Article 123 Foreign Refugees

2. Neighboring Rights

Article 124 Scientific Editions and Photographs
Article 125 Protection of Performers
Article 126 Protection of Producers of Audio Recordings
Article 127 Protection of Broadcasting Organizations
Section 127a Protection of the Maker of a Data Base
Article 128 Protection of Film Producers

Section II Transitional Provisions

Article 129 Works
Article 130 Translations
Article 131 Works of Language Set to Music
Article 132 Contracts
Article 133 (Repealed)
Article 134 Authors
Article 135 Owners of Neighboring Rights
Article 135a Calculation of the Term of Protection
Article 136 Reproduction and Distribution
Article 137 Transfer of Rights
Article 137a Photographic Works
Article 137b Certain Editions
Article 137c Performers
Article 137d Computer Programs
Article 137e Transitional provision in implementation of Directive 92/100/EEC
Article 137f Transitional provision in implementation of Directive 93/98/EEC
Article 137g Transitional regulation in implementing Directive 96/9/EC
Article 137h Implementation of Directive 93/83/EEC

Section III Final Provisions

Article 138 Register of Authors
Article 139-141 Amending and Repealing Provisions (irrelevant)
Article 142 Application in Land Berlin (irrelevant)
Article 143 Entry Into Force

Annex (to Article 54d(1) of the Copyright Law)
Rates of Remuneration

## Part I Copyright

### Section I General

### Article 1

Authors of literary, scientific and artistic works shall enjoy protection for their works in accordance with this Law.

### Section II Works

### Article 2 Protected Works

(1) Protected literary, scientific and artistic works shall include, in particular:

1. works of language, such as writings, speeches and computer programs;

2. musical works;

3. works of pantomime, including choreographic works;

4. works of fine art, including works of architecture and of applied art and plans for such works;

5. photographic works, including works produced by processes similiar to cinematography;

6. illustrations of a scientific or technical nature, such as drawings, plans, maps, sketches, tables and three-dimensional representations.

(2) Personal intellectual creations alone shall constitute works within the meaning of this Law.

### Article 3 Adaptations

Translations and other adaptations of a work which constitute personal intellectual creations of the adapter shall enjoy protection as independent works without prejudice to copyright in the work that has been adapted. Insignificant adaptations of a non-protected musical work shall not enjoy protection as independent works.

### Article 4 Collections and Database Works

(1) Collections of works, data or other independent elements which, by reason of the selection or arrangement of the elements, constitute a personal intellectual creation (collections) shall enjoy protection as independent works without prejudice to a copyright or neighbouring right existing in the elements included in the collection.

(2) Within the meaning of this Act a database work is a collection arranged in a systematic or methodical way, the elements of which are individually accessible either by electronic or by other means. A computer program (§ 69 a) used to create the database work or to render its elements accessible does not constitute a component of the data base work.

### Article 5: Official Works

(1) Laws, ordinances, official decrees and notices as also decisions and official grounds of decisions shall not enjoy copyright protection.

(2) The same shall apply to other official works published in the official interest for public information, with the condition that the provisions of Article 62(1) to (3) and Article 63(1) and (2) concerning prohibited alterations and

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 8

acknowledgment of sources shall apply mutatis mutandis.

**Article 6 Published Works and Released Works**

(1) A work shall be deemed published if, with the consent of the copyright owner, it has been made accessible to the public.

(2) A work shall be deemed released if, with the consent of the copyright owner, copies of the work have been produced in sufficient quantity and have been publicly offered for sale or put into circulation. A work of fine art shall also be deemed to have been released if, with the consent of the copyright owner, the original or a copy of the work is made permanently accessible to the public.

**Section III Authors**

**Article 7 Author**

The person who creates the work shall be deemed the author.

**Article 8 Joint Authors**

(1) If several persons have created a work jointly, and their respective contributions cannot be separately exploited, they shall be deemed the joint authors of the work.

(2) The right of publication and of exploitation of the work shall belong jointly to the joint authors; alterations to the work shall be permissible only with the consent of the joint authors. However, a joint author may not unreasonably refuse his consent to the publication, exploitation or alteration of the work. Each joint author shall be entitled to assert claims arising from infringements of the joint copyright; however, he may demand payment only on behalf of all joint authors.

(3) The proceeds resulting from the utilization of the work shall accrue to the joint authors in proportion to the extent of their respective contributions to the work unless otherwise agreed between them.

(4) A joint author may renounce his share of the exploitation rights (Article 15). The other joint authors shall be notified of renunciation. Notification shall imply that the share accrues to the other joint authors.

**Article 9 Authors of Compound Works**

If several authors have combined their works for exploitation in common, each of them may require from the others their consent to the publication, exploitation or alteration of the compound works, if such consent may be reasonably demanded of them.

**Article 10 Presumption of Authorship**

(1) In the absence of proof to the contrary, the person designated in the customary manner as the author on copies of a work which has been published or on the original of a work of fine art shall be deemed the author of the work; the same shall apply to a designation which is known as the author's pseudonym or the artist's mark.

(2) Where the author is not designated as provided in paragraph (1), it shall be presumed that the person designated as the editor on the copies of the work is entitled to assert the author's rights. Where no editor is designated, it shall be presumed that the publisher is entitled.

**Section IV Scope of Copyright**

Copyright Law (Urheberrechtsgesetz, UrhG)                                   Page 9

## 1. General

### Article 11

Copyright shall protect the author with respect to his intellectual and personal relationship with his work, and also with respect to utilization of his work.

## 2. Moral Rights of Authors

### Article 12 Right of Publication

(1) The author shall have the right to decide whether and how his work is to be published.

(2) The author shall have the exclusive right to publicly communicate or describe the content of his work for as long as neither the work nor its essence nor a description of the work has been published with his consent.

### Article 13 Recognition of Authorship

The author shall have the right of recognition of his authorship of the work. He may decide whether the work is to bear an author's designation and what designation is to be used.

### Article 14 Distortion of the Work

The author shall have the right to prohibit any distortion or any other mutilation of his work which would jeopardize his legitimate intellectual or personal interests in the work.

## 3. Exploitation Rights

### Article 15 General

(1) The author shall have the exclusive right to exploit his work in material form; his right shall comprise in particular:

1. the right of reproduction (Article 16);

2. the right of distribution (Article 17);

3. the right of exhibition (Article 18).

(2) The author shall further have the exclusive right to communicate his work to the public in non-material form (right of communication to the public); his right shall comprise in particular:

1. the right of recitation, performance and presentation (Article 19);

2. the right of broadcasting (Article 20);

3. the right of communication by means of video or audio recordings (Article 21);

4. the right of communication of broadcasts (Article 22).

(3) The communication of a work shall be deemed public if it is intended for a plurality of persons, unless such persons form a clearly defined group and are connected by personal relationship with each other or with the organizer.

• Copyright Law (Urheberrechtsgesetz, UrhG)                                               Page 10

**Article 16 Right of Reproduction**

(1) The right of reproduction is the right to make copies of the work by whatever method and in whatever quantity.

(2) Reproduction of a work shall also be constituted by the fixation of the work on devices which permit the repeated communication of sequences of images or sounds (video or audio recording mediums) whether by recording a communication of the work on a video or audio medium or by transferring the work from one medium to another.

**Article 17 Distribution Right**

(1) The distribution right is the right to offer to the public or to put into circulation the original work or copies thereof.

(2) If the original work or copies thereof have been put into circulation in the territory of the European Union or of another Contracting State of the Convention Concerning the European Economic Area through sale thereof with the consent of the holder of the distribution right, their further distribution shall be permissible with the exeption of rental.

(3) In the meaning of the provisions of this Law, rental shall be the temporary making available for use for the purposes of directly or indirectly making profits. However, making available the following original works or copies thereof shall not be deemed to constitute rental

1. edifices and works of applied art, or

2. in the context of a work or service relationship for the exclusive purpose of being used in fulfilling obligations arising out of the work or service relationship.

**Article 18 Right of Exhibition**

The right of exhibition is the right to place on public view the original or copies of an unpublished work of fine art or of an unpublished photographic work.

**Article 19 Right of Recitation, Performance, and Presentation**

(1) The right of recitation is the right of live delivery to the public of a work of language.

(2) The right of performance is the right of live performance to the public of a musical work or of public performance of a work on the stage.

(3) The right of recitation and performance encompasses the right to make recitations and performances perceivable to the public by screen, loudspeaker or similar technical device, in a place other than that in which the live rendering takes place.

(4) The right of presentation is the right to make a work of fine art, a photographic work, a cinematographic work, or illustrations of a scientific or technical character perceivable to the public by means of technical devices. The right of presentation does not include the right to make the broadcast of such works perceivable to the public (Article 22).

**Article 20 Right of Broadcasting**

The right of broadcasting is the right to make a work accessible to the public by broadcasting, such as radio or television transmission, or by wire or by other similar technical devices.

**Article 20a European Broadcasts Transmitted by Satellite**

Copyright Law (Urheberrechtsgesetz, UrhG)                                                      Page 11

(1) If a satellite broadcast is transmitted in the territory of a Member State of the European Union or of a Contracting State of the Convention Concerning the European Economic Area, it shall be deemed to have been transmitted solely in Convention that Member State or Contracting State.

(2) If a satellite broadcast is transmitted in the territory of a state which is neither a Member State of the European Union nor a Contracting State of the Convention Concerning the European Economic Area and in which the level of protection provided for under Chapter II of Council Directive 93/83/EEC of 27 September on the coordination of certain rules concerning copyright and rights relating to copyright applicable to satellite broadcasting and cable retransmission (OJEC No. L 248 page 15) is not guaranteed in the law on satellite broadcasting, it shall be deemed to have been transmitted in the Member State or Contracting State in which the uplink station is situated from which the program-carrying signals are transmitted to the satellite, or in which the broadcasting organization is established if the condition under item 1 does not subsist.

The right of broadcasting shall be exercisable in the case under item

1. against the operator of the uplink station, and in the case under item

2. against the broadcasting organization.

(3) A satellite broadcast within the meaning of paragraph (1) and (2) means the introduction, under the control and responsibility of the broadcasting organization of program-carrying signals intended for reception by the public into an uninterrupted chain of communication leading to the satellite and down towards the earth.

**Article 20b Cable Retransmission**

(1) The right to retransmit a transmitted work in the framework of simultaneous, unaltered and unabridged retransmission of a program by a cable or microwave system (cable retransmission) may be exercised by a collecting society only. This shall not apply to rights that a broadcasting organization exercises in respect of its transmissions.

(2) If the author has granted the right of cable retransmission to a broadcasting organization or to the producer of an audio recording or a film, the broadcasting organization shall nevertheless pay reasonable remuneration for the cable retransmission. The claim to remuneration may not be waived. It may only be assigned in advance to a collecting society and shall only be exercisable by a collecting society. This provision shall not run counter to collective agreements or works agreements of broadcasting organizations if the author is thereby granted reasonable remuneration for each cable retransmission.

**Article 21 Right of Communication by Video or Audio Recordings**

The right of communication by audio or video recordings is the right to make recitations or performances of a work perceivable to the public by means of video or audio recordings. Article 19(3) shall apply mutatis mutandis.

**Article 22 Right of Communication of Broadcasts**

The right of communication of broadcasts is the right to make broadcasts of a work perceivable to the public by means of screen, loudspeaker or similar technical device. Article 19(3) shall apply mutatis mutandis.

**Article 23 Adaptations and Transformations**

Adaptations or other transformations of a work may be published or exploited only with the consent of the author of the adapted or transformed work. In the case of cinematographic adaptations of a work, of the execution of plans and sketches for a work of fine art, or of copies of an architectural work , the author's consent shall be required for the making of such adaptation or transformation.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                     Page 12

### Article 24 Free Use

(1) An independent work created by free use of the work of another person may be published and exploited without the consent of the author of the used work.

(2) Paragraph (1) shall not apply to the use of a musical work where a melody has been recognizably borrowed from the work and used as a basis for a new work.

### 4. Other Rights of Authors

### Article 25 Access to Works

(1) The author may require the owner of the original or of a copy of his work to afford him access to the original or the copy, provided it is necessary for making reproductions or adaptations of the work and is not opposed by any legitimate interest of the owner.

(2) The owner shall not be required to surrender the original or the copy to the author.

### Article 26 Resale Royalty Right

(1) If the original of a work of fine art is resold and if an art dealer or an auctioneer is involved as purchaser, vendor or agent, the vendor shall pay to the author a share amounting to five percent of the selling price. There shall be no such obligation if the selling price is less than 100 German marks.

(2) The author may not waive his right to his share in advance. The expectancy may not be enforced; any disposition of the expectancy shall be without legal effect.

(3) The author may require an art dealer or auctioneer to provide information on the originals of the author's works that have been resold through the intermediary of the art dealer or auctioneer during the last calendar year having elapsed prior to the request for information.

(4) Where necessary to assert his claim against the vendor, the author may require the art dealer or auctioneer to provide information on the name and address of the vendor and the amount of the selling price. The art dealer or auctioneer may refuse information on the name and address of the vendor if he pays the share due to the author.

(5) The claims under paragraphs (3) and (4) may only be asserted through a collecting society.

(6) Where there exists reasonable doubt as to the accuracy or completeness of the information provided in accordance with paragraphs (3) or (4), the collecting society may demand that access to the account books or to other documents be granted, at the choice of the party obliged to provide the information, either to the collecting society or to a chartered accountant or sworn auditor designated by that party, to the extent that this is necessary to ascertain the accuracy or completeness of the information. Where the information is found to be inaccurate or incomplete, the party obliged to provide the information shall pay the cost of the examination.

(7) The claims of the author shall expire after 10 years.

(8) The foregoing provisions shall not apply to architectural works and works of applied art.

### Article 27 Remuneration for Rental and Lending

(1) If the author has granted to the producer of an audio recording or a film the rental right (Article 17) with regard to a video or audio recording, the hirer shall nevertheless pay an equitable remuneration to the author for the rental. The

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 13

claim to remuneration cannot be waived. It may only be assigned in advance to a collecting society.

(2) For the lending of originals or copies of a work in respect of which further distribution is permitted under Article 17 (2), an equitable remuneration shall be paid to the author if the originals or copies are lent through an institution accessible to the public (library, collection of video or audio recordings or of other originals or copies). Lending in the meaning of the first sentence shall be temporary making available for use, not for the purposes of directly or indirectly making profits; Article 17(3), second sentence, shall apply mutatis mutandis.

(3) The claims to remuneration under paragraphs (1) and (2) may only be asserted through a collecting society.

**Section V Dealings with Rights in Copyright**

**1. Succession to Copyright**

**Article 28 Inheritance of Copyright**

(1) Copyright may be transferred by inheritance.

(2) The author may transfer the exercise of copyright to an executor by testamentary disposition. Article 2210 of the Civil Code shall not apply.

**Article 29 Transfer of Copyright**

Copyright may be transferred in execution of a testamentary disposition or to coheirs as part of the partition of an estate. Copyright shall not otherwise be transferable.

**Article 30 Successor in Title of Author**

In the absence of any stipulation to the contrary, the successor in title of the author shall have the rights afforded the author by this Law.

**2. Exploitation Rights**

**Article 31 Granting of Exploitation Rights**

(1) The author may grant a right to another to use the work in a particular manner or in any manner (exploitation right). An exploitation right may be granted as a non-exclusive right or as an exclusive right.

(2) A non-exclusive exploitation right shall entitle the right holder to use the work, concurrently with the author or any other entitled persons, in the manner permitted to him.

(3) An exclusive exploitation right shall entitle the right holder to use the work, to the exclusion of all other persons, including the author, in the manner permitted to him, and to grant non-exclusive exploitation rights. Article 35 remains unaffected.

(4) The grant of an exploitation right for as yet unknown types of use and any obligations in that respect shall have no legal effect.

(5) If the types of use to which the exploitation right extends have not been specifically designated when the right was granted, the scope of the exploitation right shall be determined in accordance with the purpose envisaged in making the grant.

Copyright Law (Urheberrechtsgesetz, UrhG)                                        Page 14

**Article 32 Limitation of Exploitation Rights**

An exploitation right may be limited in respect of place, time or purpose.

**Article 33 Continuing Effect of Non-exclusive Exploitation Rights**

A non-exclusive exploitation right which the author has granted prior to granting an exclusive exploitation right shall remain effective with respect to the holder of the exclusive exploitation right in the absence of any contrary agreement between the author and the holder of the non-exclusive exploitation right.

**Article 34 Transfer of Exploitation Rights**

(1) An exploitation right may be transferred only with the author's consent. The author may not unreasonably refuse his consent.

(2) If exploitation rights in the individual works contained in a collection are transferred together with the exploitation right in the collection (Article 4), the consent of the author of the collection shall be sufficient.

(3) An exploitation right may be transferred without the author's consent if the transfer is comprised in the sale of the whole of an enterprise or the sale of parts of an enterprise.

(4) The holder of an exploitation right and the author may agree on different terms.

(5) If the transfer of an exploitation right is permissible by agreement or by law without the author's consent, the transferee shall have joint liability for the discharge of the transferor's obligations under his agreement with the author.

**Article 35 Grant of Non-exclusive Exploitation Rights**

(1) The holder of an exclusive exploitation right may grant non-exclusive rights only with the author's consent. No consent shall be required if the exclusive exploitation right was granted exclusively for the administration of the author's interests.

(2) The provisions of Article 34(1), second sentence, (2) and (4) shall apply mutatis mutandis.

**Article 36 Author's Participation**

(1) If an author has granted an exploitation right to another party on conditions which cause the agreed consideration to be grossly disproportionate to the income from the use of the work, having regard to the whole of the relationship between the author and the other party, the latter shall be required, at the demand of the author, to assent to a change in the agreement such as will secure for the author an equitable share of the income having regard to the circumstances.

(2) Such claim shall be barred two years from the time the author obtains knowledge of the circumstances which give rise to the claim or after 10 years irrespective of such knowledge.

(3) The claim may not be waived in advance. Expectancy may not be enforced; any disposition of the expectancy shall be without legal effect.

**Article 37 Agreements to Grant Exploitation Rights**

(1) If an author grants to another an exploitation right in his work, he shall be deemed in case of doubt to have retained his right to authorize the publication or exploitation of any adaptation of the work.

Copyright Law (Urheberrechtsgesetz, UrhG)                                    Page 15

(2) If an author grants to another the right to reproduce his work, he shall be deemed, in doubt, to have retained his right to record his work on video or audio mediums.

(3) If an author grants to another the right to communicate his work to the public, the latter shall not be deemed, in doubt, to be entitled to make the communication perceivable to the public by screen, loudspeaker or other similar technical device other than at the event for which it is intended.

## Article 38 Contributions to Collections

(1) If an author consents to inclusion of his work in a collection which appears periodically, the publisher or editor shall be deemed in case of doubt to have acquired an exclusive right of reproduction and distribution. However, the author may otherwise reproduce and distribute the work on expiry of one year from the date of release, unless otherwise agreed.

(2) The second sentence of paragraph (1) shall also apply to a contribution to a collection which does not appear periodically, if making the contribution available does not entitle the author to remuneration.

(3) If a contribution is made available to a newspaper, the publisher or editor shall be deemed to have acquired a non-exclusive exploitation right, unless otherwise agreed. If the author grants an exclusive exploitation right, he shall be entitled, immediately after the appearance of the contribution, to otherwise reproduce and distribute his work, unless otherwise agreed.

## Article 39 Alteration of Work

(1) The holder of an exploitation right may not alter the work, its title or the designation of author (Article 10(1)), unless otherwise agreed.

(2) Alterations to the work and its title which the author cannot reasonably refuse shall be permissible.

## Article 40 Agreements as to Future Works

(1) Agreements by which an author undertakes to grant exploitation rights in future works which are in no way specified or only referred to by type shall be in writing. They may be terminated by either party after a period of five years from conclusion of the agreement. Six months notice of termination shall be given, if no shorter period has been agreed.

(2) The right of termination may not be waived in advance. Other contractual or statutory rights of termination shall remain unaffected.

(3) If exploitation rights in future works have been granted in execution of the agreement, that provision shall cease to have effect in respect of works which have not yet been supplied at such time.

## Article 41 Right of Revocation for Non-exercise

(1) If the holder of an exclusive exploitation right does not exercise such right or exercises it insufficiently, and if thereby serious injury is caused to the author's legitimate interests, the latter may revoke the exploitation right. This shall not apply if non-exercise or insufficient exercise is mainly due to circumstances which the author can reasonably be expected to remedy.

(2) The right of revocation may not be exercised before the expiration of two years from the grant or transfer of the exploitation right or, if the work is supplied at a later date, from the date of delivery. In the case of a contribution to a newspaper, the period shall be three months, for a contribution to a periodical appearing at monthly intervals or less, it shall be six months, and for contributions to other periodicals, one year.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 16

(3) The right of revocation may be exercised only after the author has afforded the holder of the exploitation right, upon notifying him of the proposed revocation, an additional period of time adequate to sufficiently exercise the right. The author shall not be required to afford an additional period of time if it is impossible for the holder of the right to exercise it or if he refuses to exercise it or if the affording of an additional period of time would jeopardize predominant interests of the author.

(4) The right of revocation may not be waived in advance. Its exercise may not be precluded in advance for more than five years.

(5) The exploitation right shall terminate when the revocation takes effect.

(6) The author shall indemnify the person affected by the revocation if and to the extent required by equity.

(7) The rights and claims of the parties under other statutory provisions shall remain unaffected.

### Article 42 Right of Revocation for Changed Conviction

(1) An author may revoke an exploitation right if the work no longer reflects his conviction and he therefore can no longer be expected to agree to the exploitation of the work. The author's successor in title (Article 30) may exercise such right of revocation only if he proves that prior to his death the author would have been entitled to revoke and was prevented from so doing or that he has done so by testamentary disposition.

(2) The right of revocation may not be waived in advance. Its exercise may not be precluded.

(3) The author must equitably indemnify the holder of the exploitation right. The indemnification must cover at least the costs which he had incurred before he was notified of revocation; however, costs attributable to uses already completed shall not be taken into account. Revocation shall not become effective until the author has reimbursed such costs or provided security therefor. The holder of the right shall communicate the amount of his costs to the author within three months after notification of revocation; if he fails to do so, the revocation shall become effective already on expiration of this period.

(4) Should the author wish to resume exploitation of the work after revocation, he shall be required to offer to the previous holder of the exploitation right the same type of right on reasonable conditions.

(5) The provisions of Article 41(5) and (7) shall apply mutatis mutandis.

### Article 43 Authors in Employment or Service

The provisions of this subsection shall also apply if the author has created the work in execution of his duties under a contract of employment or service provided nothing to the contrary transpires from the terms or nature of the contract of employment or service.

### Article 44 Sale of the Original of a Work

(1) If the author sells the original of a work, he shall not be deemed in case of doubt to have thereby granted an exploitation right to the acquirer.

(2) The owner of the original of a work of fine art or of a photographic work shall be entitled to exhibit the work in public, even if it has not yet been published, unless expressly excluded by the author when selling the original.

### Section VI Limitations on Copyright

Copyright Law (Urheberrechtsgesetz, UrhG)                                    Page 17

**Article 45 Administration of Justice and Public Safety**

(1) It shall be permissible to make or cause to be made copies of a work for use in proeeedings before a court, an arbitration tribunal or a public authority.

(2) Courts, arbitration tribunals and public authorities may, for the purposes of administration of justice and public safety, reproduce portraits or cause portraits to be reproduced.

(3) The distribution, public exhibition and public communication of such works shall be permissible under the same conditions as for their reproduction.

**Article 46 Collections for Religious, School or Instructional Use**

(1) Reproduction and distribution shall be permissible where limited parts of works, of works of language and of musical works, individual works of fine art or individual photographs are incorporated after their publication in a collection which assembles the works of a considerable number of authors and is intended, by its nature, exclusively for religious, school or instructional use. The purpose for which the collection is to be used shall be clearly stated on the title page or some other appropriate place.

(2) Paragraph (1) shall apply to musical works incorporated in a collection intended for musical instruction only if the collection is intended for musical instruction in schools that are not schools of music.

(3) Reproduction may begin only if the intention to exercise the rights afforded by paragraph (1) has been communicated by registered letter to the author or, if his permanent or temporary residence is unknown, to the holder of an exclusive exploitation right, and two weeks have elapsed since dispatch of the letter. If the permanent or temporary address of the holder of the exclusive right is also unknown, the communication can be made by publication in the Official Bulletin (Bundesanzeiger).

(4) The author shall be paid equitable remuneration for the reproduction and distribution.

(5) An author may prohibit reproduction and distribution if the work no longer reflects his conviction and he can therefore no longer be expected to agree to the exploitation of his work and he has for that reason revoked any existing exploitation right (Article 42). The provisions of Article 136(1) and (2) shall be applicable mutatis mutandis.

**Article 47 School Broadcasts**

(1) Schools and institutions for the training and further training of teachers may make individual copies of works which are included in a school broadcast by recording the works on a video or audio medium. The same shall apply to youth welfare homes and to the official provincial pictorial materials services or comparable publicly owned institutions.

(2) The video or audio recordings may be used only for instructional purposes. They must be destroyed not later than the end of the school year following the transmission of the school broadcast, unless equitable remuneration has been paid to the author.

**Article 48 Public Speeches**

(1) It shall be permissible

1. to reproduce and distribute in newspapers, periodicals or other information journals which mainly record current events, speeches on issues of the day made at public meetings or in broadcasting and to communicate such speeches to the public;

2. to reproduce, distribute and communicate to the public speeches made at public proceedings in State, local

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 18

government or religious bodies.

(2) It shall not be permissible, however, to reproduce and distribute the speeches referred to in paragraph (1), item 2, in the form of a collection containing predominantly speeches by the same author.

**Article 49 Newspaper Articles and Broadcast Commentaries**

(1) It shall be permissible to reproduce and distribute individual broadcast commentaries and individual articles from newspapers and other information journals devoted solely to issues of the day in other newspapers or journals of like kind and to communicate such commentaries and articles to the public, if they concern political, economic or religious issues of the day and do not contain a statement reserving rights. The author shall be paid equitable remuneration for reproduction, distribution and public communication, unless short extracts from a number of commentaries or articles are reproduced, distributed or publicly communicated in the form of an overview. Claims may be asserted by a collecting society only.

(2) It shall be permissible, without limitation, to reproduce, distribute and publicly communicate miscellaneous information relating to facts or news of the day which have been publicly disseminated by the press or by broadcasting; this provision shall not affect any protection afforded by other provisions of law.

**Article 50 Visual and Sound Reporting**

For the purposes of visual and sound reporting on events of the day by broadcast or film and in newspapers or periodicals mainly devoted to current events, works which become perceivable in the course of the events which are being reported on may be reproduced, distributed and publicly communicated to the extent justified by the purpose of the report.

**Article 51 Quotations**

Reproduction, distribution and communication to the public shall be permitted, to the extent justified by the purpose, where

1. individual works are included after their publication in an independent scientific work to illustrate its contents;

2. passages from a work are quoted after its publication in an independent work of language;

3. individual passages from a published musical work are quoted in an independent musical work.

**Article 52 Public Communication**

(1) The public communication of a published work shall be permissible if the communication serves no gainful purpose on the part of the organizer, spectators are admitted free of charge and, in the case of recitation or performance of the work, none of the performers (Article 73) receive special remuneration. An equitable remuneration shall be paid for the communication. The obligation to pay remuneration shall not apply in respect of events organized by the Youth Welfare Service, the Social Welfare Service, the Old Persons Welfare Service, the Prisoners Welfare Service and for school events, on condition that in accordance with their social or educational purpose they are only accessible for a specifically limited circle of persons. This shall not apply if the event serves the gainful purpose of a third party; in such case, the third party shall be required to pay the remu-neration.

(2) The public communication of a published work shall be permissible at a religious service or a celebration of the churches or religious communities. However, the organizer shall pay the author an equitable remuneration.

(3) Public stage performances and broadcasts of a work and public presentations of cinematographic works shall in all cases be permissible only with the consent of the copyright owner.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                            Page 19

**Article 53 Reproduction for Private and Other Personal Uses**

(1) It shall be permissible to make single copies of a work for private use. A person authorized to make such copies may also cause such copies to be made by another person; however, this shall apply to the transfer of works to video or audio recording mediums and to the reproduction of works of fine art only if no payment is received therefor.

(2) It shall be permissible to make or to cause to be made single copies of a work

1. for personal scientific use, if and to the extent that such reproduction is necessary for the purpose,

2. to be included in personal files, if and to the extent that reproduction for this purpose is necessary and if a personal copy of the work is used as the model for reproduction,

3. for personal information concerning current events, in the case of a broadcast work,

4. for other personal uses,

(a) in the case of small parts of published works or individual contributions that have been published in newspapers or periodicals,

(b) in the case of a work that has been out of print for at least two years.

(3) It shall be permissible to make or to cause to be made copies of small parts of a printed work or of individual contributions published in newspapers or periodicals for personal use,

1. in teaching, in non-commercial institutions of education and further education or in institutions of vocational education in a quantity required for one school class or

2. for State examinations and examinations in schools, universities, non-commercial institutions of education and further education and in vocational education in the required quantity,

if and to the extent that such reproduction is necessary for this purpose.

(4) Reproduction

(a) of graphic recordings of musical works,

(b) of a book or a periodical in the case of essentially complete copies,

shall only be permissible, where not carried out by manual copying, with the consent of the copyright owner or in accordance with paragraph (2), item 2, or for personal use in the case of a work that has been out of print for at least two years.

(6) Copies may neither be disseminated nor used for public communication. It shall be permissible, however, to lend out lawfully made copies of newspapers and works that are out of print or such copies in which small damaged or lost parts have been replaced with reproduced copies.

(7) The recording of public lectures, representations or performances of works on video or audio recording mediums, the realization of plans and sketches for works of fine art, and the reproduction of works of architecture shall only be permissible with the consent of the copyright owner.

**Article 54 Obligation to Pay Remuneration for Reproduction by Means of Video and Audio Recording**

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 20

(1) Where the nature of a work makes it probable that it will be reproduced by the recording of broadcasts on video or audio recording mediums or by transfer from one recording medium to another in accordance with Article 53(1) or (2), the author of the work shall be entitled to payment of equitable remuneration from the manufacturers

1. of appliances and

2. of video or audio recording mediums

that are obviously intended for the making of such reproductions, in respect of the possibility of making such reproductions that is created by the sale of the appliances and of the video or audio recording mediums. In addition to the manufacturer, any person who commercially imports or reimports such appliances or such video or audio recording mediums into the territory to which this Law applies or who deals therein shall be jointly liable. A dealer shall not be liable if he procures in one half calendar year video or audio recording mediums with less than 6,000 hours of playing time and less than 100 appliances.

(2) The importer shall be the person who introduces the appliances or the video or audio recording mediums, or causes them to be introduced, into the territory to which this Law applies. Where the importing is based on a contract with a person foreign to that territory, the importer shall be that contractual party alone who is domiciled in the territory to which this Law applies, in so far as he is commercially active. Any person who acts simply as forwarding agent, carrier or the like in the introduction of the goods shall not be considered the importer. A person who introduces goods from third countries, or causes them to be introduced, into a free zone or a free warehouse in accordance with Article 166 of Council Regulation (EEC) No. 2913/92 of October 12, 1992 establishing the Community Customs Code (OJ No. L 302, page 1) shall only be deemed the importer if the items are used in that territory or if they are released for free circulation for customs purposes.

**Article 54a Obligation to Pay Remuneration for Reproduction by Means of Photocopying**

(1) Where the nature of a work is such that it may be expected to be reproduced in accordance with Article 53(1) to (3) by the photocopying of a copy or by some other process having similar effect, the author of the work shall be entitled to payment of equitable remuneration from the manufacturer of appliances intended for the making of such reproductions, in respect of the possibility created by the sale or other placing on the market of the appliances. In addition to the manufacturer, any person who commercially imports or reimports such appliances into the territory to which this Law applies or who deals therein shall be jointly liable. A dealer shall not be liable if he procures less than 20 appliances in one half calendar year.

(2) Where appliances of such type are operated in schools, universities or vocational training institutions or other educational and further education institutions (educational institutions), research institutions, public libraries or in institutions which have available appliances for the making of photocopies on payment, the author shall also be entitled to payment of equitable remuneration from the operator of the appliance.

(3) Article 54(2) shall apply mutatis mutandis.

**Article 54b Inapplicability of the Dealer's Obligation to Pay Remuneration**

The dealer's obligation to pay remuneration (Article 54(1) and Article 54a(1)) shall not apply,

1. where a person required to pay the remuneration, from whom the dealer obtains the appliances or the video or audio recording mediums, is bound by an inclusive contract concerning the remuneration or

2. if the dealer notifies the receiving office designated in accordance with Article 54h(3) in writing of the nature and quantity of the appliances and video or audio recording mediums received and of his source of supply by January 10 and July 10 for each preceding half calendar year.

Copyright Law (Urheberrechtsgesetz, UrhG)                                              Page 21

**Article 54c Inapplicability of the Obligation to Pay Remuneration on Export**

The claim under Article 54(1) and Article 54a(1) shall not apply where it is probable under the circumstances that the appliances or the video or audio recording mediums will not be used to make reproductions within the territory to which this Law applies.

**Article 54d Amount of Remuneration**

(1) The amounts set out in the Annex shall be deemed equitable remuneration in accordance with Article 54(1) and Article 54a(1) and (2) where not otherwise agreed.

(2) The amount of the total remuneration to be paid by the operator under Article 54a(2) shall depend on the type and extent of utilization of the appliance that is to be expected in view of the circumstances, particularly the location and the habitual use.

**Article 54e Obligation to Refer in Invoices to Copyright Remuneration**

(1) Invoices for the sale or other placing on the market of appliances under Article 54a(1) shall make reference to the copyright remuneration due for the appliance.

(2) Invoices for the sale or other placing on the market of appliances or video or audio recording mediums referred to in Article 54(1), in which turnover tax in accordance with the first sentence of Article 14(1) of the Law on Turnover Tax is to be shown separately shall include a note stating whether the copyright remuneration due in respect of the appliance or the video or audio recording medium has been paid.

**Article 54f Obligation to Report**

(1) Any person who commercially imports or reimports appliances or video or audio recording mediums that are obviously intended for the making of reproductions by means of video and audio recording into the territory to which this Law applies shall have the obligation in respect of the author to report in writing the nature and quantity of the items imported to the receiving office designated in accordance with Article 54h(3) monthly by the tenth day after the expiry of each calendar month.

(3) Paragraph (1) shall apply mutatis mutandis to appliances intended for making reproductions by photocopying a copy or by any procedure having a similar effect.

(3) Where the person required to report does not satisfy the obligation to report or only does so incompletely or otherwise incorrectly, twice the rate of remuneration may be required.

**Article 54g Obligation to Provide Information**

(1) The author may require information from those persons required to pay remuneration under Article 54(1) or Article 54a(1) as to the nature and quantity of appliances and video or audio recording mediums sold or otherwise put into circulation on the territory to which this Law applies. The dealer's obligation to provide information shall also extend to naming his sources of supply, it shall also subsist in the cases under the third sentence of Article 54(1), the third sentence of Article 54a(1) and of Article 54b, item 1. Article 26(6) shall apply mutatis mutandis.

(2) The author may require information necessary to assess the remuneration from the operator of an appliance in an institution within the meaning of the first sentence of Article 54a(2).

(3) Where the person required to give information fails to satisfy the obligation or only satisfies it incompletely or otherwise incorrectly, twice the rate of remuneration may be required.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 22

**Article 54h Collecting Societies, Handling of Reports**

(1) Claims under Articles 54, 54a, 54f(3) and 54g may only be asserted through a collecting society.

(2) Each copyright owner shall be entitled to an equitable share in the remuneration paid under Articles 54 and 54a.

(3) The collecting societies shall designate a joint receiving office in each case for the claims to remuneration under Article 54(1) and those under Article 54a(1) to the Patent Office. The Patent Office shall publish them in the Federal Gazette.

(4) The Patent Office may publish models for the reports in accordance with Article 54b, item 2, and 54f in the Federal Gazette. The use of such models shall be compulsory.

(5) The collecting societies and the receiving office may only use the information received in accordance with Article 54b, item 2, 54f and 54g for the purpose of asserting claims under paragraph (1).

**Article 55 Reproduction by Broadcasting Organizations**

(1) A broadcasting organization entitled to broadcast a work shall have the right to record the work by means of its own facilities on video or audio recording mediums in order to use them once only for broadcasting over each of its transmitters or relay stations. Such video or audio recordings must be destroyed not later than one month after the first broadcast of the work.

(2) Video or audio recordings of an exceptional documentary nature need not be destroyed if they are placed in an official archive. The author shall be notified without delay of their deposit in such archive.

**Article 55a Use of a Database Work**

Adaptation or other transformation and the reproduction of a database work by the owner of a copy of the data base work, having been put into circulation with the consent of the creator by way of sale, by a person in other ways entitled to use the copy of the database work or by anyone to whom a database work has been made accessible on the basis of a contract with the creator or with a third party who has the former's consent, shall be permissible if and to the extent that the adaptation or other transformation or copying is necessary for access to the elements of the database work and for its usual use. If, on the basis of a contract described in sentence 1, only a part of the data base work is made accessible, it shall only be permissible to adapt or otherwise transform and to reproduce this portion. Any contractual provisions to the contrary shall be null and void.

**Article 56 Reproduction and Public Communication by Commercial Enterprises**

(1) Commercial enterprises which sell video or audio recordings or appliances for making or communicating such recordings, or appliances for the reception of broadcasts, or which repair them, may record works on video or audio mediums and may publicly communicate video or audio recordings or make broadcast works perceivable to the public where necessary to demonstrate such appliances and devices to customers or to repair such appliances.

(2) Video or audio recordings made pursuant to paragraph (1 ) must be destroyed immediately.

**Article 57 Incidental Works**

It shall be permissible to reproduce, distribute and publicly communicate works if they may be regarded as insignificant and incidental with regard to the actual subject of the reproduction, distribution or public communication.

**Article 58 Catalog Illustrations**

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 23

It shall be permissible to reproduce and distribute works of fine art which are exhibited in public or intended for public exhibition or auction in catalogs which are issued by the organizer for the purpose of the exhibition or auction.

**Article 59 Works in Public Places**

(1) It shall be permissible to reproduce, by painting, drawing, photography or cinematography, works which are permanently located on public ways, streets or places and to distribute and publicly communicate such copies. For works of architecture, this provision shall be applicable only to the external appearance.

(2) Reproductions may not be carried out on a work of architecture.

**Article 60 Portraits**

(1) The commissioner of a portrait or his successor in title may reproduce it or cause it to be reproduced by photography. If the portrait is a photographic work, reproduction other than by photography shall also be permissible. The copies may be distributed without payment.

(2) The same rights shall be enjoyed by the person portrayed or, after his death, by his next of kin in the case of a portrait created on commission.

(3) Next of kin in the sense of paragraph (2) shall mean the spouse and children or, if there is neither spouse nor child, the parents.

**Article 61 Compulsory License for the Production of Audio Recordings**

(1) If a producer of audio recordings has been granted an exploitation right in a musical work entitling him to record the work on an audio medium and to reproduce and distribute that recording for commercial purposes, the author shall be required to grant an exploitation right with the same content on reasonable conditions to any other producer of audio recordings whose main establishment or whose domicile is located on the territory to which this Law applies; this provision shall not apply if the exploitation right referred to is lawfully administered by a collecting society or if the work no longer reflects the author's conviction and he therefore can no longer be expected to agree to the exploitation of his work and he has for that reason revoked any existing exploitation right. The author shall not be required to authorize the use of the work in the production of a cinematographic work.

(2) The provisions of paragraph (1) shall be applicable with respect to a producer of audio recordings who has neither his main establishment nor his domicile on the territory to which this Law applies, only if, as evidenced by a notification by the Federal Minister for Justice in the Bundesgesetzblatt a corresponding right is granted by the State in which his main establishment or domicile is located to producers of audio recordings whose main establishments or whose domiciles are on the territory to which this Law applies.

(3) An exploitation right granted under the foregoing provisions shall have effect only on the territory to which this Law applies and for export to States in which the work does not enjoy protection against recording on audio mediums.

(4) If the author has granted the exclusive exploitation right to another person entitling him to record the work for commercial purposes on audio recording mediums and to reproduce and distribute those recordings, the foregoing provisions shall be applicable except that the holder of the exclusive exploitation right shall be required to grant the exploitation right referred to in paragraph (1).

(5) The foregoing provisions shall be applicable mutatis mutandis to a work of language employed as the text of a musical work, if the author of the work of language has granted to a producer of audio recordings a right to record the work in conjunction with the musical work and to reproduce and distribute such recordings.

(6) Actions claiming the grant of exploitation rights shall be heard in those cases where neither the author nor, in the

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 24

case referred to in paragraph (4), the holder of the exclusive right has a legal domicile in the territory to which this Law applies, by the courts located in the district in which the Patent Office has its headquarters. Interim injunctions may be issued, even if the conditions set out in Articles 935 and 940 of the Code of Civil Procedure are not fulfilled.

(7) The foregoing provisions shall not apply if the exploitation right referred to in paragraph (1) has been granted solely for the purpose of producing a film.

### Article 62 Prohibition of Alteration

(1) Where the use of a work is permissible under the provisions of this Section, no alteration may be made to the work. Article 39 shall be applicable mutatis mutandis.

(2) Where the purpose of the use may demand, it shall be permissible to make translations and such alterations to the work as amount merely to extracts or to transpositions into another key or pitch.

(3) With respect to works of fine art and photographic works, conversion to a different scale and other alterations of the work shall be permissible to the extent required by the method of reproduction.

(4) In the case of collections for religious, school and instructional use (Article 46), such alterations of works of language shall be permissible as are necessary for religious, school and instructional use, in addition to the alterations permitted under paragraphs (1) to (3). However, such alterations shall require the consent of the author or, after his death, of his successor in title (Article 30) if the latter is a next of kin of the author (Article 60(3)) or has acquired copyright by testamentary disposition of the author. Consent shall be deemed to have been granted if the author or his successor in title does not object within one month of notification of the proposed alteration and if the notification of the alteration has drawn attention to this legal consequence.

### Article 63 Acknowledgment of Source

(1) If a work or part of a work is reproduced pursuant to Article 45(1), Articles 46 to 48, 50, 51, 58, 59 and 61, the source must in all cases be clearly acknowledged. In reproducing complete works of language or complete musical works, the publishing house which published the work must be stated in addition to the author, as also any abridgments or other alterations to the work. There shall be no obligation to acknowledge sources if no source is given either on the copy of the work used or with the reproduction of the work used and if no source is otherwise known to the person entitled to reproduce.

(2) Where the provisions of this Section permit the public communication of a work, the source must be clearly acknowledged if and where trade practice so requires.

(3) If an article from a newspaper or other information journal is reproduced in another newspaper or other such information journal, or is broadcast, under Article 49(1), the newspaper or other information journal from which the article was extracted shall also be acknowledged in addition to the author designated in the source; if a further newspaper or other information journal is mentioned there as the source, such other newspaper or other information journal shall be acknowledged. If a broadcast commentary is reproduced in a newspaper or other information journal, or in a broadcast, under Article 49(1), the broadcasting organization which transmitted the commentary shall in all cases be acknowledged in addition to the author.

### Section VII Duration of Copyright

### Article 64 General

Copyright shall expire 70 years after the author's death.

### Article 65 Joint Authors, cinematographic works

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 25

(1) If copyright is owned by several joint authors (Article 8), it shall expire 70 years after the death of the last surviving author.

(2) In the case of cinematographic works and works which are produced in a similar way to cinematographic works, copyright shall expire 70 years after the death of the longest-living of the following persons: the principal director, the author of the screenplay, the author of the dialogues, the composer of the music composed for the cinematographic work in question.

### Article 66 Anonymous and Pseudonymous Works

(1) In the case of anonymous and pseudonymous works, copyright shall expire 70 years after publication. However, it shall expire as soon as 70 years after creation of the work if the work was not published within that time limit.

(2) If the author discloses his identity within the time limit specified in paragraph (1), first sentence, or if the pseudonym assumed by the author leaves no doubt as to his identity, the duration of copyright protection shall be calculated in accordance with Articles 64 and 65. The same shall apply if within the time limit specified in paragraph (1), first sentence, the true name of the author is submitted for entry in the Register of Authors (Article 138).

(3) The author, or after his death his legal successor (Article 30) or the executor (Article 28 (2)), shall be entitled to perform the actions under paragraph (2).

### Article 67 Serial Works

In the case of works published in parts which are not self-contained (instalments), the term of protection of each instalment in the cases referred to in Article 66(1), first sentence, shall be calculated separately from the time of its publication.

### Article 68

(Repealed)

### Article 69 Calculation of Time Limits

The time limits specified in this Section shall begin with the end of the calendar year in which the event which determines the beginning of the time limit has occurred.

### Section VIII Special Provisions on Computer Programs

### Article 69a Object of Protection

(1) For the purposes of this Law, computer programs shall mean programs in any form, including their design material.

(2) The protection afforded shall apply to the expression in any form of a computer program. Ideas and principles which underlie any element of a computer program, including those which underlie its interfaces, shall not be protected.

(3) Computer programs shall be protected if they constitute original works in the sense that they are the result of their author's own intellectual creation. No other criteria, particularly of a qualitative or aesthetic nature, shall be applied to determine their eligibility for protection.

(4) The provisions on works of language shall apply to computer programs where not otherwise provided in this Section.

Copyright Law (Urheberrechtsgesetz, UrhG)                                          Page 26

**Article 69b Authors in Employment or Service**

(1) Where a computer program is created by an employee in the execution of his duties or following the instructions given by his employer, the employer exclusively shall be entitled to exercise all the economic rights in the program, unless otherwise agreed.

(2) Paragraph (1) shall apply mutatis mutandis to service relationships.

**Article 69c Restricted Acts**

The right holder shall have the exclusive right to do or to authorize:

1. the permanent or temporary reproduction of a computer program by any means and in any form, in part or in whole. Insofar as loading, displaying, running, transmission or storage of the computer program necessitate such reproduction, such acts shall be subject to authorization by the right holder;

2. the translation, adaptation, arrangement or any other alteration of a computer program and the reproduction of the results thereof. The rights of the person who alters the program shall remain unaffected;

3. any form of distribution of the original of a computer program or of copies thereof, including rental. Where a copy of a computer program is put into circulation by way of sale on the territory of the European Communities or of another Contracting State of the Convention Concerning the European Economic Area with the consent of the right holder, the distribution right in respect of that copy shall be exhausted, with the exception of the rental right.

**Article 69d Exceptions to the Restricted Acts**

(1) In the absence of specific contractual provisions, the acts referred to in items 1 and 2 of Article 69c shall not require authorization by the right holder where they are necessary for the use of the computer program by any person entitled to use a copy of the program in accordance with its intended purpose, including for error correction.

(2) The making of a back-up copy by a person having a right to use the computer program may not be prevented by contract insofar as it is necessary to ensure future use.

(3) The person having a right to use a copy of a program shall be entitled, without the authorization of the right holder, to observe, study or test the functioning of the program in order to determine the ideas and principles which underlie any element of the program if he does so while performing any of the acts of loading, displaying, running, transmitting or storing the program which he is entitled to do.

**Article 69e Decompilation**

(1) The authorization of the right holder shall not be required where reproduction of the code and translation of its form within the meaning of items 1 and 2 of Article 69c are indispensable to obtain the information necessary to achieve the interoperability of an independently created computer program with other programs, provided that the following conditions are met:

1. these acts are performed by the licensee or by another person having a right to use a copy of a program, or on their behalf by a person authorized to do so;

2. the information necessary to achieve interoperability has not previously been readily available to the persons referred to in item 1;

3. these acts are confined to the parts of the original program which are necessary to achieve interoperability.

(2) Information obtained by means of acts under paragraph (1) may not

1. be used for goals other than to achieve the interop-erability of the independently created computer program,

2. be given to others, except when necessary for the interoperability of the independently created computer program,

3. be used for the development, production or marketing of a computer program substantially similar in its expression, or for any other act which infringes copyright.

(3) Paragraphs (1) and (2) shall be interpreted in such a way that their application neither impairs the normal exploitation of the work nor unreasonably prejudices the right holder's legitimate interests.

### Article 69f Infringement of Rights

(1) The right holder may require from their owners or proprietors that all unlawfully manufactured or distributed copies or all copies intended for unlawful distribution be destroyed. Article 98(2) and (3) shall apply mutatis mutandis.

(2) Paragraph (1) shall apply mutatis mutandis to any means of which the sole intended purpose is to facilitate the unauthorized removal or circumvention of any technical device which may have been applied to protect a computer program.

### Article 69g Application of Other Legal Provisions; Law of Contract

(1) The provisions of this Section shall not prejudice the application of other statutory provisions to computer programs, particularly those concerning the protection of inventions, topographies of semiconductor products, trademarks and unfair competition, including the protection of business and works secrets as also agreements under the law of obligations.

(2) Any contractual provisions contrary to Article 69d(2) and (3) and Article 69e shall be null and void.

## Part II Neighboring Rights

### Section I Protection of Certain Editions

### Article 70 Scientific Editions

(1) Editions which consist of non-copyrighted works or texts shall enjoy, mutatis mutandis, the protection afforded by the provisions of Part I if they represent the result of scientific analysis and differ in a significant manner from previously known editions of the works or texts.

(2) The right shall be enjoyed by the author of the edition.

(3) The right shall expire 25 years after publication of the edition; however, it shall expire 25 years after its production if the edition is not published within that time limit. The time limit shall be calculated in accordance with Article 69.

### Article 71 Posthumous Works

(1) Any person who causes a work which has not previously been published to be legally published for the first time or performs it in public for the first time after the expiry of the copyright shall have the exclusive right to exploit it. The same shall apply to works which have not been previously published and which were never protected in the territory to which this Law applies, but whose authors have been dead for more than 70 years. Articles 5, 15 to 24, 26, 27 and 45 to 63 shall apply mutatis mutandis.

Copyright Law (Urheberrechtsgesetz, UrhG)                                           Page 28

(2) The right shall be transferable.

(3) The right shall expire 25 years after the publication of the work or, if its first public communication took place earlier, after the latter.

## Section II Protection of Photographs

### Article 72

(1) Photographs and products manufactured in a similar way to photographs shall be protected, mutatis mutandis, by the provisions of Part I applicable to photographic works.

(2) The right afforded by paragraph (1) shall belong to the photographer.

(3) The right afforded by paragraph (1) shall expire 50 years after publication of the photograph, or if its first permitted public communication took place earlier, after the latter, but 50 years after its manufacture where the photograph has not been published or legally communicated in public within such period. The period shall be calculated in accordance with Article 69.

## Section III Protection of Performers

### Article 73 Performers

For the purposes of this Law, performer means a person who recites or performs a work or participates artistically in the recitation or performance of a work.

### Article 74 Transmission by Screen or Loudspeaker

Public communication of performance by screen, loudspeaker or similar technical device in a place other than that in which it takes place shall require the consent of the performer.

### Article 75 Recording, Reproduction and Distribution

(1) Fixation of performance on a video or audio recording medium shall require the consent of the performer.

(2) The performer shall have the exclusive right to reproduce and distribute the video or audio recording medium.

(3) Article 27 shall apply mutatis mutandis to remuneration rights of the performer for rental and lending of video or audio recording mediums.

### Article 76 Broadcasting

(1) Broadcasting of a performance shall require the consent of the performer.

(2) A performance which has been lawfully fixed on video or audio recording mediums may be broadcast without the consent of the performer if the recordings have been published; however, equitable remuneration shall be paid to the performer.

### Article 77 Public Communication

If a performance is publicly communicated by means of video or audio recordings or made perceivable to the public by means of a broadcast, the performer shall be paid equitable remuneration.

Copyright Law (Urheberrechtsgesetz, UrhG)                                         Page 29

### Article 78 Assignment

A performer may assign to third parties the rights afforded by Articles 74 to 77. Article 75(3) in conjunction with Article 27(1), second and third sentences, shall remain unaffected.

### Article 79 Performers in Employment or Service

If a performer has given a performance in execution of his duties under a contract of employment or of service, the extent and conditions under which his employer may use it or authorize others to use it shall be determined, if not otherwise agreed, by reference to the nature of the contract of employment or service.

### Article 80 Choral, Orchestral and Stage Performances

(1) In the case of choral, orchestral and stage performances, the consent of the elected representatives of the participating groups of performers, such as choir, orchestra, ballet and stage companies, in addition to the consent of the soloists, conductor and producer, shall suffice for the purposes of Articles 74, 75(1) and (2) and Article 76(1). If a group has no such representative, the consent of the performers belonging to that group shall be replaced by the consent of the leader of the group.

(2) In the case of choral, orchestral and stage performances, the rights afforded by Articles 74 to 77, with the exception of the right of consent, shall be asserted for groups of performers exclusively by their representatives or, if no representatives have been elected, by the leader of the group. Exercise of the right may be transferred to a collecting society.

### Article 81 Protection of Organizers

If a performance is organized by an enterprise, the consent of the owner of the enterprise shall be required for the purposes of Articles 74, 75 (1) and (2) and Article 76(1), in addition to the consent of the performer.

### Article 82 Duration of Rights

Where a performance has been recorded on a video or audio medium, the rights of the performer shall expire 50 years and those of the organizer 25 years after the publication of the video or audio recording, or if its first legal use for public communication took place earlier, after the latter; however, the rights of the performer shall expire 50 years, and those of the organizer 25 years, after the performance if the video or audio recording has not been published or legally used for public communication within that period of time. The period of time shall be calculated in accordance with Article 69.

### Article 83 Protection Against Distortion

(1) A performer shall have the right to prohibit any distortion or other alteration of his performance of such nature as to jeopardize his standing or reputation as a performer.

(2) If a work is performed by several performers together, each performer shall take the others into due account when exercising the right.

(3) The right shall expire with the death of the performer; however, it shall expire 50 years after the performance if the performer has died prior to expiry of that period; the period shall be calculated in accordance with Article 69. After the death of the performer, the right shall belong to his next of kin (Article 60(3)).

### Article 84 Limitation of Rights

The provisions of Section VI of Part I, with the exception of Article 61, shall apply mutatis mutandis to the rights

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 30

afforded the performer and the organizer by this Section.

**Section IV Protection of Producers of Audio Recordings**

**Article 85 Right of Reproduction and Distribution**

(1) The producer of an audio recording shall have the exclusive right to reproduce and distribute the recording. If the audio recording has been produced by an enterprise, the owner of the enterprise shall be deemed the producer. The right shall not subsist by reason of the reproduction of an audio recording.

(2) The right shall expire 50 years after publication of the audio recording, or if its first legal use for public communication took place earlier, after the latter; however, it shall expire 50 years after production if the audio recording has not been published or legally used for public communication during that period. The period shall be calculated in accordance with Article 69.

(3) Article 27(2) and (3) as well as the provisions of Section VI of Part I, with the exception of Article 61, shall apply mutatis mutandis.

**Article 86 Right of Participation**

If a published audio recording on which a performance has been fixed is used for public communication, the producer of the audio recording may claim from the performer an equitable participation in the remuneration which the performer receives pursuant to Article 76(2) and Article 77.

**Section V Protection of Broadcasting Organizations**

**Article 87**

(1) A broadcasting organization shall have the exclusive right

1. to rebroadcast its broadcasts,

2. to record its broadcasts on a video or audio recording medium, to make photographs of its broadcasts and to reproduce and distribute such recordings or photographs, with the exception of the rental right,

3. to make its broadcast perceivable to the public in places only accessible to the public on payment of an entrance fee.

(2) The right shall expire 50 years after the first broadcast. The period shall be calculated in accordance with Article 69.

(3) The provisions of Section VI of Part I, with the exception of Article 47(2), second sentence, Article 54(1) and Article 61, shall apply mutatis mutandis.

**Section VI Protection of the Maker of a Database**

**Article 87a Definitions**

(1) A database within the meaning of this Act is a collection of works, data or other independent elements arranged in a systematic or methodical way the elements of which are individually accessible either by electronic or by other means, and the obtaining, verification or presentation of which requires a qualitatively or quantitatively substantial investment. A database the contents of which has been changed in a way that is qualitatively or quantitatively substantial is deemed a new database provided that the change entails a qualitatively or quantitatively substantial investment.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                    Page 31

(2) The maker of a database within the meaning of this Act is the one who has made the investment defined in subsection 1.

**Article 87b Rights of the Maker of the Database**

(1) The maker of the database has the exclusive right to reproduce, to distribute and to communicate to the public the whole data base or a qualitatively or quantitatively substantial part thereof. The repeated or systematical reproduction, distribution or communication to the public of qualitatively and quantitatively insubstantial parts of the database shall be deemed as equivalent to the reproduction, distribution or communication of a qualitatively or quantitatively substantial part of the database provided that these acts run counter to a normal exploitation of the database or unreasonably prejudice the legitimate interests of the maker of the database.

(2) Article 17 (2) and Article 27 (2) and (3) shall apply accordingly.

**Article 87c Limitations on the rights of the Maker of a Database**

(1) The reproduction of a qualitatively or quantitatively substantial part of a database shall be permissible:

1. for private use; this shall not apply to a database the elements of which are individually accessible by electronic means;

2. for the purposes of personal scientific use, if and to the extent that the copying for this purpose is necessary and the scientific use does not serve commercial purposes;

3. for personal use in teaching, in non-commercial institutions of education and further education and in vocational training in a quantity required for one school class.

In the cases outlined in items 2 and 3, the source must be clearly acknowledged.

(2) The reproduction, distribution and communication to the public of a qualitatively or quantitatively substantial part of a database shall be permissible for use in proceedings before a court, an arbitration tribunal or a public authority as well as for purposes of public security.

**Article 87d Term of Protection**

The rights of the maker of a database shall expire fifteen years after the publication of the database, and fifteen years after the making of the database if it has not been published within that period of time. The period of time shall be calculated in accordance with Article 69.

**Article 87e Contracts Dealing with the Use of a Database**

A contractual agreement according to which the owner of a copy of the database, having been put into circulation with the consent of the maker of the database by way of sale, or the person in other ways entitled to use the copy of the database or anyone to whom a database has been made accessible on the basis of a contract with the maker of the database or with a third party who has the former's consent, obligates himself vis-à-vis the maker of the database to refrain from reproducing, distributing or communicating to the public qualitatively and quantitatively insubstantial parts of the database, shall be invalid to the extent that these acts run counter to the normal exploitation of the database nor unreasonably prejudice the legitimate interests of the maker of the database.

# Part III Special Provisions on Films

## Section I Cinematographic Works

Copyright Law (Urheberrechtsgesetz, UrhG)                                                  Page 32

**Article 88 The Right of Cinematographic Adaptation**

(1) If an author permits another person to make a cinematographic adaptation of his work, he shall be deemed, in doubt, to have granted the following exploitation rights:

1. the right to use the work in its original form or as an adaptation or transformation for the purpose of producing a cinematographic work;

2. the right to reproduce and distribute the cinematographic work;

3. the right to publicly present the cinematographic work if it is a work intended for presentation;

4. the right to broadcast the cinematographic work if it is a work intended for broadcasting;

5. the right to exploit translations and other cinematographic adaptations or transformations of the cinematographic work to the same extent as the work itself.

(2) In doubt, the rights referred to in paragraph (1) shall not be deemed to include the right to remake the cinematographic work. In doubt, the author shall be deemed to have the right, after the expiration of 10 years from the conclusion of the contract, to utilize his work otherwise for cinematographic purposes.

(3) The foregoing provisions shall apply mutatis mutandis to the rights referred to in Articles 70 and 71.

**Article 89 Rights in Cinematographic Works**

(1) Any person who undertakes to participate in the production of a film shall be deemed, in doubt, to have granted, should he acquire a copyright in the cinematographic work, to the producer of the film an exclusive right to utilize the cinematographic work as also translations and other adaptations or transformations of the cinematographic work in any known manner.

(2) If the author of the cinematographic work has in advance granted to another person the exploitation right referred to in paragraph (1), he shall nevertheless remain entitled to grant that right to the film producer, with or without limitation.

(3) Authors' rights in works used to produce the cinematographic work, such as novels, screenplay and film music, shall remain unaffected.

**Article 90 Limitation of Rights**

The provisions concerning the need for the author's consent to the transfer of exploitation rights (Article 34) and to the grant of non-exclusive rights (Article 35) and the provisions on the right of revocation for non-exercise (Article 41) or for changed conviction (Article 42) shall not apply to the rights referred to in Article 88(1), items 2 to 5, and Article 89 (1). The author of the cinematographic work (Article 89) shall have no claims by virtue of Article 36.

**Article 91 Rights in Photographs**

The producer of a cinematographic work shall be deemed to have acquired the right of cinematographic exploitation in photographs which are taken in connection with the production of such cinematographic work. The photographer shall have no rights in this respect.

**Article 92 Performers**

(1) If a performer concludes a contract with the film producer on his participation in the production of a

Copyright Law (Urheberrechtsgesetz, UrhG)                                                                Page 33

cinematographic work, in cases of doubt concerning exploitation of the cinematographic work such contract shall constitute assignment of the rights pursuant to Article 75(1) and (2) and Article 76(1).

(2) If the performer has assigned in advance a right mentioned in paragraph (1) to a third party, he shall nevertheless retain the entitlement to assign this right in respect of exploitation of the cinematographic work to the film producer.

### Article 93 Protection Against Distortion

The authors of a cinematographic work and of works used in its production, and the holders of neighboring rights who participate in the production of the cinematographic work or whose contributions are used in its production may prohibit in accordance with Articles 14 and 83 only gross distortions or other gross mutilations of their works or of their contributions, with respect to the production and exploitation of the cinematographic work. Each author or right holder shall take the others and the film producer into due account when exercising the right.

### Article 94 Protection of Producers of Films

(1) The producer of a film shall have the exclusive right to reproduce, distribute and use for public presentation or broadcasting the video recording or video and audio recording on which the cinematographic work is fixed. The film producer shall further have the right to prohibit any distortion or abridgment of the video recording or video and audio recording which may jeopardize his legitimate interests.

(2) The right shall be transferable.

(3) The right shall expire 50 years after the publication of the video recording or video and audio recording or, if its first legal use for public communication took place earlier, after the latter; however, it shall expire 50 years after production if the video recording or video and audio recording has not been published or legally used for public communication during such period.

(4) Article 27 (2) and (3), as well as the provisions of Section VI of Part I, with the exception of Article 61, shall apply mutatis mutandis.

### Section II Moving Pictures

### Article 95

Articles 88, 90, 91, 93 and 94 shall apply mutatis mutandis to sequences of images and to sequences of images and sounds which are not protected as cinematographic works.

## Part IV Common Provisions on Copyright and Neighboring Rights

### Section I Prohibition of Exploitation

### Article 96

(1) Unlawfully made copies may be neither distributed nor used for public communication.

(2) Unlawfully made broadcasts may not be fixed on video or audio recording mediums or publicly communicated.

### Section II Infringements

### 1. Civil Law Provisions; Remedies

Copyright Law (Urheberrechtsgesetz, UrhG)                                                      Page 34

**Article 97 Actions for Injunction and Damages**

(1) As against any person who infringes a copyright or any other right protected by this Law, the injured party may bring an action for injunctive relief requiring the wrongdoer to cease and desist if there is a danger of repetition of the acts of infringement, as well as an action for damages if the infringement was intentional or the result of negligence. In place of damages, the injured party may require surrender of the profits derived by the infringer from the acts of infringement together with detailed accounting reflecting such profits.

(2) Authors, including of scientific editions (Article 70), photographers (Article 72) and performers (Article 73) may, if the infringement was intentional or the result of negligence, recover, as justice may require, a monetary indemnity for the injury caused to them even if no pecuniary loss has occurred.

(3) Rights arising from other statutory provisions shall not be affected.

**Article 98 Claim to Destruction or Surrender of Copies**

(1) The injured party may require destruction of all copies unlawfully manufactured, unlawfully distributed or intended for unlawful distribution that are in the possession of the infringer or are his property.

(2) In place of the measures provided for in paragraph (1), the injured party may require that the copies that are the property of the infringer be surrendered to him in return for equitable remuneration that may not exceed the cost of manufacture.

(3) Where the measures under paragraphs (1) and (2) are disproportionate, in the individual case, for the infringer or the owner and if the infringing nature of the copies can be removed in some other way, the injured party shall have a claim only to the measures necessary for such purpose.

**Article 99 Claim to Destruction or Surrender of Devices**

The provisions of Article 98 shall apply mutatis mutandis to devices that are the property of the infringer and that are used or intended exclusively or almost exclusively for the unlawful manufacture of copies.

**Article 100 Liability of the Owner of an Enterprise**

If a right protected under this Law has been infringed in an enterprise by an employee or agent of such enterprise, the injured party may also assert the rights provided in Articles 97 to 99, with the exception of the right to damages, against the owner of such enterprise. Further claims which may arise from other statutory provisions shall not be affected.

**Article 101 Exceptions**

(1) If, in the event of infringement of a right protected under this Law, the claims of the injured party for injunctive relief (Article 97), for destruction or surrender of the copies (Article 98) or the devices (Article 99) are asserted against a person whose acts of infringement were neither intentional nor negligent, such person may indemnify in money the injured party if execution of the claims would produce for him a serious and disproportionate injury and if the injured party may reasonably be required to accept redress in cash. The compensation shall represent the amount that would have constituted equitable remuneration had the right been granted by contract. Payment of such compensation shall constitute the injured party's consent to a utilization within the customary limits.

(2) The measures set out in Articles 98 and 99 shall not apply to:

1. works of architecture;

2. separable parts of copies and devices whose manufacture or distribution is not unlawful.

Copyright Law (Urheberrechtsgesetz, UrhG)                                      Page 35

**Article 101a Claim to Information in Respect of Third Parties**

(1) Any person who infringes copyright or any other right protected by this Law in the course of business through the manufacture or distribution of copies may be required by the injured party to give information as to the origin and distribution channels of such copies, without delay, except where disproportionate in the individual case.

(2) The person required to give information under paragraph (1) shall give particulars of the name and address of the manufacturer, the supplier and other prior owners of the copies, of the trade customer or of the principal, as also in respect of the quantity of copies that have been manufactured, dispatched, received or ordered.

(3) In those cases where infringement is obvious, the obligation to provide information may be imposed by an injunction in compliance with the Code of Civil Procedure.

(4) Such information may only be used in criminal pcoceedings or in proceedings under the Law on Minor Offenses against the person required to give information, or against a dependent person under Article 52(1) of the Code of Criminal Procedure, in respect of an act committed before the information was given, with the consent of the person required to give the information.

(5) Further claims to information shall remain unaffected.

**Article 102 Prescription**

Claims arising from infringement of copyright or of any other right protected by this Law shall become invalid by prescription three years after the time at which the entitled person gains knowledge of the infringement and of the identity of the infringer or 30 years after the infringement, irrespective of such knowledge. Article 852(2) of the Civil Code shall apply mutatis mutandis. Where the infringer has made gains at the cost of the entitled person by reason of the infringement, he shall remain obliged, even after the claim has expired, to surrender such gain in accordance with the provisions on the surrender of unjustified gain.

**Article 103 Publication of Judgment**

(1) If an action has been brought under this Law, the judgment may authorize the successful party to publish the judgment at the cost of the unsuccessful party, if the successful party can offer a legitimate reason to do so. Unless the court rules otherwise, the judgment may not be published until it becomes final.

(2) The nature and extent of the publication shall be determined in the judgment. The authority to publish the judgment shall expire if it is not published within six months after it becomes final.

(3) The party given authority to publish may request that the unsuccessful party be required to defray in advance the cost of publication. This request shall be ruled upon by a competent court of first instance without oral proceedings. Prior to ruling upon the matter, the unsuccessful party shall be heard.

**Article 104 Legal Recourse**

For all litigation concerning the exercise of rights arising from the legal relationships regulated by this Law (copyright litigation), ordinary legal recourse shall be accorded. For copyright litigation arising out of employment or service relationships that concern solely claims to the payment of an agreed compensation, recourse to labor courts and to administrative tribunals shall remain unaffected.

**Article 105 Courts for Copyright Litigation**

(1) The Provincial Governments shall be empowered to assign by statutory order copyright litigation for which the Provincial Courts are competent in the first instance or on appeal to one of such Provincial Courts for the jurisdictions

Copyright Law (Urheberrechtsgesetz, UrhG)                                    Page 36

of a number of Provincial Courts where it is in the interests of the administration of justice.

(2) The Provincial Governments shall further be empowered to assign by statutory order copyright litigation that is of the competence of the Local Courts to one of such Local Courts for the jurisdictions of a number of Local Courts where it is in the interests of the administration of justice.

(3) The Provincial Governments may transfer the powers under paragraphs (1) and (2) to the Provincial Judicial Administrations.

(4) Parties may also be represented before a Provincial Court to which copyright litigation for the jurisdictions of a number of Provincial Courts has been assigned in accordance with paragraph (1) by lawyers admitted to the Provincial Court which would otherwise be competent. The same shall apply to representatives before the Provincial High Court acting as appeal court.

(5) The additional expense incurred by a party in being represented under paragraph (4) by a lawyer not admitted to the court hearing the case shall not be refunded.

## 2. Criminal Law Provisions

### Article 106 Unauthorized Exploitation of Copyrighted Works

(1) Any person who, other than in a manner allowed by law and without the right holder's consent, reproduces, distributes or publicly communicates a work or an adaptation or transformation of a work shall be liable to imprisonment for up to three years or a fine.

(2) The attempt to commit such an offense shall be punishable.

### Article 107 Unlawful Affixing of Designation of Author

(1) Any person who:

1. without the author's consent, affixes a designation of author (Article 10(1)) to the original of a work of fine art or distributes an original bearing such designation,

2. affixes a designation of author (Article 10(1)) on a copy, adaptation or transformation of a work of fine art in such manner as to give to the copy, adaptation or transformation the appearance of an original or distributes a copy, adaptation or transformation bearing such designation,

shall be liable to imprisonment for up to three years or a fine if the offense does not carry a more severe penalty under other provisions.

(2) The attempt to commit such an offense shall be punishable.

### Article 108 Infringement of Neighboring Rights

(1) Any person who, other than in a manner allowed by law and without the right holder's consent:

1. reproduces, distributes or publicly communicates a scientific edition (Article 70) or an adaptation or transformation of such edition;

2. exploits a posthumous work or an adaptation or transformation of such work contrary to Article 71;

Copyright Law (Urheberrechtsgesetz, UrhG)                                                  Page 37

3. reproduces, distributes or publicly communicates a photograph (Article 72) or an adaptation or transformation of a photograph;

4. exploits a performance contrary to Articles 74, 75(1) or (2) or Article 76(1);

5. exploits an audio recording contrary to Article 85;

6. exploits a broadcast contrary to Article 87;

7. exploits a video or video and audio recording contrary to Article 94 or Article 95 in conjunction with Article 94;

shall be liable to imprisonment for up to three years or a fine.

(2) The attempt to commit such an offense shall be punishable.

**Article 108a Unlawful Exploitation on a Commercial Basis**

(1) Where the person committing the acts referred to in Articles 106 to 108 does so on a commercial basis, the penalty shall be imprisonment for up to five years or a fine.

(2) The attempt to commit such an offense shall be punishable.

**Article 109 Criminal Prosecution**

Offenses under Articles 106 to 108 shall only be prosecuted on complaint unless the prosecuting authorities deem that ex officio prosecution is justified in view of the particular public interest.

**Article 110 Confiscation**

Objects implicated in an offense under Articles 106, 107(1), item 2, 108 and 108a may be confiscated. Article 74a of the Penal Code shall apply. Where the claims referred to in Articles 98 and 99 are upheld in proceedings under the provisions of the Code of Criminal Procedure with regard to the compensation of the injured party (Articles 403 to 406c), the provisions on confiscation shall not be applied.

**Article 111 Publication of the Judgment**

If in cases covered by Articles 106 to 108a a penalty has been pronounced, the court shall, at the request of the injured party and if the latter can show a justified interest, order publication of the judgment. The nature of the publication shall be laid down in the judgment.

**3. Measures by the Customs Authorities**

**Article 111a**

(1) Where the manufacture or distribution of copies infringes copyright or any other right protected by this Law those copies, shall be subject, at the request of the holder of the rights and against his security, to seizure by the customs authorities, on import or export, in those cases where the infringement is obvious. This provision shall apply in trade with other Member States of the European Economic Community and with other Contracting States of the Convention Concerning the European Economic Area only insofar as controls are carried out by the customs authorities.

(2) Where the customs authorities order a seizure, they shall advise the person entitled to dispose and also the petitioner thereof without delay. The origin, quantity and place of storage of the copies, together with the name and address of the

person entitled to dispose, shall be communicated to the petitioner; the secrecy of correspondence and of mail (Article 10 of the Basic Law) shall be restricted to that extent. The petitioner shall be given the opportunity to inspect the copies where such inspection does not constitute a breach of commercial or trade secrecy.

(3) Where no opposition to the seizure is made, at the latest within two weeks of service of the notification under the first sentence of paragraph (2), the customs authorities shall order confiscation of the seized copies.

(4) If the person entitled to dispose opposes seizure, the customs authorities shall inform the petitioner thereof without delay. The petitioner shall be required to declare to the customs authorities without delay, whether he maintains the request under paragraph (1) in respect of the seized copies.

1. If the petitioner withdraws his request, the customs authorities shall lift the seizure without delay.

2. If the petitioner maintains his request and submits an executable court decision ordering the impounding of the seized copies or limitation of the right to dispose, the customs authorities shall take the necessary measures.

Where neither of the cases referred to in items 1 and 2 are applicable, the customs authorities shall lift the seizure on the expiry of two weeks after service of the notification to the petitioner under the first sentence; where the petitioner can show that a court decision according to item 2 has been requested, but has not yet been received, the seizure shall be maintained for a further two weeks at the most.

(5) Where the seizure proves to have been unjustified from the beginning and if the petitioner has maintained the request under paragraph (1) in respect of the seized copies or has not made a declaration without delay (second sentence of paragraph (4)), he shall be required to compensate the damages that seizure has occasioned to the person entitled to dispose.

(6) The petition under paragraph (1) is to be submitted to the Regional Finance Office and shall be effective for two years unless a shorter period of validity has been requested; it may be repeated. The cost of official acts related to the request shall be charged to the petitioner in accordance with Article 178 of the Fiscal Code.

(7) Seizure and confiscation may be opposed by the legal remedies allowed by the fixed penalty procedure under the Law on Minor Offenses in respect of seizure and confiscation. The petitioner shall be heard in the review proceedings. An immediate appeal shall lie from the decision of the Local Court; it shall be heard by the Provincial High Court.

**Section III Enforcement**

**1. General**

**Article 112**

Enforcement affecting a right protected by this Law shall be subject to the general rules of law in the absence of anything to the contrary in Articles 113 to 119.

**2. Enforcement of Claims for Money Against Authors**

**Article 113 Copyright**

A claim for money against an author may only be enforced on a copyright with his consent and only insofar as he is able to grant exploitation rights (Article 31). The consent may not be given through a legal representative.

**Article 114 Originals of Works**

Copyright Law (Urheberrechtsgesetz, UrhG)                                                                Page 39

(1) A claim for money against an author may only be enforced on originals of his works owned by him with his consent. The consent may not be given through a legal representative.

(2) Consent shall not be required:

1. where enforcement on the original of a work is necessary for enforcement on an exploitation right in the work;

2. for enforcement on the original of a work of architecture;

3. for enforcement on the original of another work of fine art, if the work has been published.

In the cases referred to in items 2 and 3, the original of the work may be distributed without the author's consent.

### 3. Enforcement of Claims for Money Against Successors in Title of Authors

### Article 115 Copyright

A claim for money against the successor in title of an author (Article 30) may only be enforced on a copyright with his consent, and only insofar as he is able to grant exploitation rights (Article 31). Consent shall not be required if the work has been published.

### Article 116 Originals of Works

(1) A claim for money against the successor in title of an author (Article 30) may only be enforced on originals of works of the author owned by the successor in title with his consent.

(2) Consent shall not be required:

1. in the cases referred to in Article 114(2), first sentence;

2. for enforcement on the original of a work if the work has been published.

Article 114(2), second sentence, shall apply mutatis mutandis.

### Article 117 Executor

If copyright is to be exercised in accordance with Article 28(2) by an executor, it shall be for the executor to give the consent required in Articles 115 and 116.

### 4. Enforcement of Claims for Money Against Authors of Scientific Editions and Against Photographers

### Article 118

Articles 113 to 117 shall apply mutatis mutandis:

1. to enforcement of claims for money against an author of a scientific edition (Article 70) and against his successor in title;

2. to enforcement of claims for money against a photographer (Article 72) and against his successor in title.

### 5. Enforcement of Claims for Money on Certain Devices

Copyright Law (Urheberrechtsgesetz, UrhG)                                      Page 40

**Article 119**

(1) Devices intended exclusively for reproduction or broadcasting, such as moulds, plates, engraving stones, blocks, stencils and negatives, shall be subject to enforcement of claims for money only if the creditor is entitled to exploit the work using such devices.

(2) The same shall apply to devices intended exclusively for presenting a cinematographic work, such as reels of film and the like.

(3) Paragraphs (1) and (2) shall apply mutatis mutandis to editions protected under Articles 70 and 71, to photographs protected under Article 72 and to video and audio recordings protected under Article 75(2) and Articles 85, 87, 94 and 95, .

## Part V Scope of Application

**Transitional and Final Provisions**

**Section I Scope of the Law**

**1. Copyright**

**Article 120 German Nationals and nationals of another Member State of the EU or of another Contracting State of the Convention Concerning the EEA**

(1) German nationals shall enjoy copyright protection with respect to all of their works, whether or not they have been published and regardless of the place of publication. In the case of a work created by joint authors (Article 8), it shall be sufficient if one of the joint authors is a German national.

(2) The following shall be deemed equal to German nationals:

1. Germans in the meaning of Article 116 (1) of the Basic Law who do not possess German nationality, and

2. nationals of another Member State of the European Union or of another Contracting State of the Convention Concerning the European Economic Area.

**Article 121 Foreign Nationals**

(1) Foreign nationals shall enjoy copyright protection with respect to their works published in the territory to which this Law applies, unless the work or a translation of the work has been published outside that territory more than 30 days prior to its publication within that territory. Subject to the same limitation, foreign nationals shall enjoy protection with respect to their works published in the territory to which this Law applies in translation only.

(2) Works of fine art which are an integral part of real property located in the territory to which this Law applies shall be assimilated to works published in that territory for the purposes of paragraph (1).

(3) The protection afforded under paragraph (1) may be limited by a statutory order of the Federal Minister for Justice for a foreign national who does not belong to a member State of the Berne Convention for the Protection of Literary and Artistic Works and, at the time of publication of the work, had his domicile neither in the territory to which this Law applies nor in one of the member States of the Berne Union, and if the State of which he is a national does not afford adequate protection to the works of German nationals.

(4) Foreign nationals shall further enjoy copyright protection as provided by international treaty. In the absence of such

treaty, such works shall be protected by copyright if, according to an announcement by the Federal Minister for Justice in the Bundesgesetzblatt, German nationals enjoy in the State of which the author is a national equivalent protection for their works.

(5) Resale royalty right (Article 26) shall be available to foreign nationals only if the State of which they are nationals grants, according to an announcement by the Federal Minister for Justice in the Bundesgesetzblatt, German nationals an equivalent right.

(6) Foreign nationals shall enjoy protection under Articles 12 to 14 with respect to all of their works, even if the conditions contained in paragraphs (1) to (5) are not fulfilled.

### Article 122 Stateless Persons

(1) Stateless persons who are habitually resident in the territory to which this Law applies shall enjoy with respect to their works the same copyright protection as German nationals.

(2) Stateless persons who are not habitually resident in the territory to which this Law applies shall enjoy with respect to their works the same copyright protection as the nationals of the foreign State in which they are habitually resident.

### Article 123 Foreign Refugees

The provisions of Article 122 shall apply mutatis mutandis to foreigners who are refugees within the meaning of treaties or other statutory provisions. This shall not preclude protection under Article 121.

### 2. Neighboring Rights

### Article 124 Scientific Editions and Photographs

Articles 120 to 123 shall apply mutatis mutandis for the protection of scientific editions (Article 70) and the protection of photographs (Article 72).

### Article 125 Protection of Performers

(1) The protection afforded by Articles 73 to 84 shall be enjoyed by German nationals with respect to all their performances, irrespective of where they take place. Article 120(2) shall apply.

(2) Foreign nationals shall enjoy protection with respect to all of their performances that take place in the territory to which this Law applies unless otherwise stipulated in paragraphs (3) and (4).

(3) If performances by foreign nationals are lawfully fixed on video or audio recordings, and if such recordings have been published, foreign nationals shall enjoy, with respect to such video or audio recordings, protection under Article 75 (2), Article 76(2) and Article 77 if they have been published in the territory to which this Law applies unless such recordings have been published outside the territory to which this Law applies more than 30 days before their publication within that territory.

(4) If performances of foreign nationals have been lawfully broadcast, the foreign nationals shall enjoy protection against the recording of the broadcast on a video or audio medium (Article 75(1)), protection against the rebroadcasting of the broadcast (Article 76(1)) and the protection under Article 77 if the broadcast was transmitted from the territory to which this Law applies.

(5) Foreign nationals shall further enjoy protection as provided by international treaty. Article 121(4), second sentence, and Articles 122 and 123 shall apply mutatis mutandis.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                          Page 42

(6) Protection under Articles 74, 75(1) and Article 83 shall be enjoyed by foreign nationals with respect to all of their performances, even if the conditions contained in paragraphs (2) to (5) are not fulfilled. The same shall apply to the protection under Article 76(1) where a direct broadcast of the performance is concerned.

(7) If protection is afforded under paragraphs (2) to (4) or (6), it shall expire at the latest on expiry of the term of protection in the state of which the performer is a national, without exceeding the term of protection under Article 82.

### Article 126 Protection of Producers of Audio Recordings

(1) The protection afforded by Articles 85 and 86 shall be enjoyed by German nationals or German enterprises which have their headquarters in the territory to which this Law applies with respect to all of their audio recordings, irrespective of whether and where they have been published. Article 120(2) shall apply. Enterprises which have their headquarters in another Member State of the European Union or in another Contracting State of the Convention Concerning the European Economic Area shall be deemed equal to enterprises which have their headquarters in the territory to which this Law applies.

(2) Foreign nationals or foreign enterprises which do not have their headquarters in the territory to which this Law applies shall enjoy protection for their audio recordings published in that territory unless the recording was published outside the territory to which this Law applies more than 30 days before it was published in that territory. Protection shall however expire at the latest on expiry of the term of protection in the state whose nationality the producer of the audio recording possesses or in which the enterprise has its headquarters, without exceeding the term of protection under Article 85(2).

(3) Foreign nationals or foreign enterprises which do not have their headquarters in the territory to which this Law applies shall further enjoy protection as provided by international treaty. Article 121(4), second sentence, and Articles 122 and 123 shall apply mutatis mutandis.

### Article 127 Protection of Broadcasting Organizations

(1) Broadcasting organizations which have their headquarters in the territory to which this Law applies shall enjoy the protection afforded by Article 87 with respect to all of their broadcasts, irrespective of where they are broadcast. Article 126(1), third sentence, shall apply.

(2) Broadcasting organizations which do not have their headquarters in the territory to which this Law applies shall enjoy protection for all of their broadcasts which are broadcast from that territory. Protection shall expire at the latest on expiry of the term of protection in the state in which the broadcasting organization has its headquarters, without exceeding the term of protection under Article 87(2).

(3) Broadcasting organizations which do not have their headquarters in the territory to which this Law applies shall further enjoy protection as provided by international treaty. Article 121(4), second sentence, shall apply mutatis mutandis.

### Article 127a Protection of the Maker of a Data Base

(1) The protection granted by Article 87b shall be available to German citizens and to legal entities with a registered office located in the territory in which this Act applies. Article 120 (2) shall apply.

(2) Legal entities without a registered office in the territory in which this Act applies but which have been established according to German law or according to the law of one of the states listed in Article 120 (2) item 2 shall enjoy the protection afforded by Article 87b if:

1. their central administration or principal place of business is geographically located in one of the states listed in Article 120 (2) item 2; or

Copyright Law (Urheberrechtsgesetz, UrhG)                                                              Page 43

2. their registered office, as defined by the articles of association, is located in one of these states and their activities have a de facto connection with the German economy or to the economy of one of these states.

(3) In the remaining cases, foreign citizens and legal entities shall enjoy the protection granted by the provisions of international agreements and the protection of agreements entered into between the European Community and third party states; these agreements are published by the Federal Ministry of Justice in the Bundesgesetzblatt [Federal Law Gazette].

### Article 128 Protection of Film Producers

(1) German nationals or German enterprises which have their headquarters in the territory to which this Law applies shall enjoy the protection afforded by Articles 94 and 95 with respect to their video or video and audio recordings, irrespective of whether and where they have been published. Article 120(2) and Article 126(1), third sentence, shall apply.

(2) The provisions of Article 126(2) and (3) shall apply mutatis mutandis to foreign nationals or foreign enterprises which do not have their headquarters in the territory to which this Law applies.

### Section II Transitional Provisions

### Article 129 Works

(1) The provisions of this Law shall also apply to works created prior to its entry into force, unless such works were not at that time protected by copyright or unless some provision to the contrary is contained in this Law. This shall also apply mutatis mutandis to neighboring rights.

(2) The duration of copyright for works which have been published after the expiration of 50 years from the author's death, but prior to the entry into force of this Law shall be determined in accordance with previously existing legal provisions.

### Article 130 Translations

The rights of an author of a translation which was lawfully published prior to January 1, 1902, without the consent of the author of the work translated shall remain unaffected.

### Article 131 Works of Language Set to Music

Works of language set to music which could be reproduced, distributed and publicly communicated without the consent of the author under Article 20 of the Law on Copyright in Works of Literature and Music of June 19, 1901 (Reichsgesetzblatt p. 227) in the version of the Law of May 22, 1910, giving effect to the revised Berne Convention for the Protection of Literary and Artistic Works (Reichsgesetzblatt p. 793), may continue in the future to be reproduced, distributed and publicly communicated to the same extent, if the musical version of the work was published prior to the entry into force of this Law.

### Article 132 Contracts

(1) The provisions of this Law, with the exception of Articles 42, 43 and 79, shall not apply to contracts concluded prior to the entry into force of this Law. Articles 40 and 41 shall apply to such contracts, except that the periods mentioned in Article 40(1), second sentence, and Article 41(2) shall begin not earlier than the entry into force of this Law.

(2) Dispositions taken prior to the entry into force of this Law shall remain effective.

### Article 133 (Repealed)

**Article 134 Authors**

Any person who, at the time of entry into force of this Law, is considered an author under the earlier provisions, but not under the provisions of this Law, shall continue to be deemed an author except for the purposes of Article 135. Where a legal person is considered the author of a work under the earlier provisions, those previous provisions shall be applicable in calculating the duration of copyright.

**Article 135 Owners of Neighboring Rights**

Any person who, at the time of entry into force of this Law is considered the author of a photograph or of the recording of a work on devices for audible mechanical reproduction, under the earlier provisions, shall be the owner of the corresponding neighboring rights afforded by this Law.

**Article 135a Calculation of the Term of Protection**

Where the term of protection is shortened by the application of this Law to a right which came into being prior to the entry into force of this Law, and where the event which under this Law determines the beginning of the term of protection occurred prior to the entry into force of this Law, such term shall be calculated as from the entry into force of this Law. However, protection shall lapse not later than on expiration of the duration of protection under the earlier provisions.

**Article 136 Reproduction and Distribution**

(1) Where reproduction is permissible under the earlier provisions, but prohibited under this Law, any making of copies of such reproduction commenced prior to the entry into force of this Law may be completed.

(2) Any copies made pursuant to paragraph (1) or prior to the entry into force of this Law may be distributed.

(3) If equitable remuneration is to be paid under this Law to the right holder for a reproduction which would have been free under the earlier provisions, the copies referred to in paragraph (2) may be distributed without payment of remuneration.

**Article 137 Transfer of Rights**

(1) If copyright has been transferred prior to the entry into force of this Law, the transferee shall enjoy the corresponding exploitation rights (Article 31). However, transfer shall not be deemed in doubt to extend to rights first established by this Law.

(2) If copyright has been transferred in whole or in part to another person prior to the entry into force of this Law, the transfer shall also extend in doubt to the period of time by which the duration of copyright was extended under Articles 64 to 66. The same shall apply if, prior to the entry into force of this Law, another person has been authorized to exercise one of the rights afforded to the author.

(3) In the cases referred to in paragraph (2), the transferee or the person receiving authorization shall pay to the transferor or the person giving authorization an equitable remuneration if it is to be assumed that the latter would have obtained higher remuneration for the transfer or authorization if the extended term of protection had already been stipulated at that time.

(4) The claim to remuneration shall fall away if, as soon as it is asserted the transferee places the right at the disposal of the alien or for the time following expiry of the hitherto stipulated duration of protection or the person receiving authorization waives such authorization for that period of time. If the acquirer has further alienated the copyright prior to the entry into force of this Law, the remuneration shall not be payable if it would constitute an undue burden on the acquirer in view of the circumstances of the further alienation.

Copyright Law (Urheberrechtsgesetz, UrhG)                                                                 Page 45

(5) Paragraph (1) shall apply to neighboring rights, mutatis mutandis.

### Article 137a Photographic Works

(1) The provisions of this Law as regards the term of copyright shall also apply to those photographic works whose term of protection under prior law has not yet expired on July 1, 1985.

(2) Where a right of exploitation in a photographic work has been assigned or transferred to another person; such assignment or transfer shall not extend, in case of doubt, to the period of time by which the term of copyright in photographic works has been extended.

### Article 137b Certain Editions

(1) The provisions of this Law concerning the term of protection under Articles 70 and 71 shall also be applied to scientific editions and posthumous editions where their term of protection under prior law has not yet expired on July 1, 1990.

(2) Where any right of exploitation in a scientific edition or a posthumous edition has been assigned or transferred to another person prior to July 1, 1990, the assignment or transfer shall also extend, in case of doubt, for the period of time by which the term of the neighboring right has been extended.

(3) The provisions of Article 137(3) and (4) shall apply mutatis mutandis.

### Article 137c Performers

(1) The provisions of this Law concerning the term of protection under Article 82 shall also be applied to performances recorded on video or audio mediums prior to July 1, 1990, if on January 1, 1991, 50 years have not yet elapsed since publication of the recording. If the video or audio recording has not been published within that period of time, the period is to be calculated as from the performance. Protection under this Law shall in no event exceed 50 years after publication of the video or audio recording or, if the recording has not been published, 50 years after the performance.

(2) Where a right of exploitation in the performance has been assigned or transferred to another person prior to July 1, 1990, the assignment or transfer shall also extend, in case of doubt, to the period of time by which the term of protection has been extended.

(3) The provisions of Article 137(3) and (4) shall apply mutatis mutandis.

### Article 137d Computer Programs

(1) The provisions of Section VIII of Part I shall also apply to computer programs created prior to June 24, 1993. However, the exclusive rental right (Article 69c, item 3) shall not extend to copies of a program acquired by others prior to January 1, 1993, for the purpose of rental.

(2) Article 69g(2) shall also apply to contracts concluded prior to June 24, 1993.

### Article 137e Transitional provision in implementation of Directive 92/100/EEC

(1) The provisions of this Law entering into force on June 30, 1995 shall also apply to previously created works, performances, audio recordings, broadcasts and films, unless they are no longer protected at this time.

(2) If an original or copy of a work or a video or audio recording was acquired prior to June 30, 1995 or made available to a third party for the purposes of rental, the consent of the holder of the rental right (Articles 17, 75 (2) and Articles 85

Copyright Law (Urheberrechtsgesetz, UrhG)                                                                 Page 46

and 94) shall be deemed to have been given with regard to rental after this time. The hirer shall pay in each case an equitable remuneration to these rightholders; Article 27 (1), second and third sentences, in respect of the rights of authors and performers and Article 27 (3) shall apply mutatis mutandis. Article 137d shall remain unaffected.

(3) If a video or audio recording which prior to June 30, 1995 was acquired or made available to a third party for the purposes of rental was rented between July 1, 1994 and June 30, 1995, this rental shall be subject to a remuneration right, whereby paragraph (2), second sentence, shall apply mutatis mutandis.

(4) If an author has granted an exclusive distribution right prior to June 30, 1995, the grant shall also apply to the rental right. If a performer has participated prior to this date in the production of a cinematographic work, or consented to the use of his performance for the production of a cinematographic work, his exclusive rights shall be deemed to have been assigned to the film producer. If prior to this date he has consented to the fixation of his performance on a audio recording and to reproduction, consent shall also be deemed to constitute assignment of the distribution right, including rental.

**Article 137f Transitional provision in implementation of Directive 93/98/EEC**

(1) If by application of this Law in the version applicable from July 1, 1995 the duration of a previously accrued right were to be reduced, protection shall expire on expiry of the term of protection pursuant to the provisions applicable prior to June 30, 1995. Furthermore, the provisions of this Law regarding the term of protection in the version applicable from July 1, 1995 shall also apply to works and related rights with regard to which protection did not yet expire on July 1, 1995.

(2) The provisions contained in the version of the Law applicable from July 1, 1995 shall also apply to works with respect to which protection pursuant to this Law expired prior to July 1, 1995, but which at this time still exists pursuant to the law of another Member State of the European Union or of another Contracting State of the Convention Concerning the European Economic Area. The first sentence shall apply mutatis mutandis to the related rights of the publisher of posthumous works (Article 71), of the performers (Article 73), of producers of audio recordings (Article 85), of broadcasting organizations (Article 87) and of producers of films (Articles 94 and 95).

(3) If protection of a work is resumed under paragraph (2) in the territory to which this Law applies, the author shall be entitled to the resumed rights. Exploitation commenced prior to July 1, 1995 may however be continued in the framework provided for. An equitable remuneration shall be paid for exploitation from July 1, 1995. The first to third sentences shall apply mutatis mutandis to related rights.

(4) If prior to July 1, 1995 an exploitation right concerning the subject-matter of a neighbouring right remains protected under this Law has been granted or assigned to another, in cases of doubt the grant or assignment shall also cover the period by which the term of protection has been extended. In the case of the first sentence, equitable remuneration shall be afforded.

**Article 137g Transitional provision in implementing Directive 96/9/EC**

(1) Article 23 second sentence, Article 53 (5), Article 55a and Article 63 (1) second sentence shall also apply to database works created prior to 1 January 1998.

(2) The provisions contained in Section VI of Part II shall also apply to databases created between 1 January 1983 and 31 December 1997. The term of protection in such cases shall commence on 1 January 1998.

(3) Article 55a and Article 87e shall not apply to contracts concluded before 1 January 1998.

**Article 137h Implementation of Directive 93/83/EEC**

(1) The provision in article 20a shall apply only from January 1, 2000 to agreements that were concluded before June 1,

1998 if they expire after the former date.

(2) If a contract concerning co-production of a video or audio recording, concluded between two or more co-producers before June 1, 1998, of whom at least one is a national of a Member State of the European Union or of a Contracting State of the Convention Concerning the European Economic Area, makes provision for division of the broadcasting according to broadcast by satellite or other kinds of broadcast, and if the broadcast by satellite of the co-production by one producer would prejudice exploitation of the exclusive rights of another producer in a given territory or language, the broadcast by satellite shall be permissible only with the consent of the holder of these exclusive rights.

(3) The provision in Article 20b(2) shall be applied only if the contract granting the right of cable retransmission was concluded after June 1, 1998.

**Section III Final Provisions**

**Article 138 Register of Authors**

(1) The Register of Authors for the entries set out in Article 66(2), second sentence, shall be kept at the Patent Office. The Patent Office shall effect the entries without verifying the applicant's entitlement or the accuracy of the information submitted for entry.

(2) If entry is refused, the applicant may petition for a decision by the courts. The petition shall be heard by the Provincial High Court having jurisdiction for the district in which the Patent Office has its heardquarters and which shall give a reasoned decision. The petition shall be made in writing to the Provincial High Court. The decision of the Provincial High Court shall be final. In other respects, judicial procedure shall be governed by the provisions of the Law on Matters of Voluntary Jurisdiction. The court costs shall be governed by the Regulations on Costs; the fees shall be determined by Article 131 of the Regulations on Costs.

(3) The entries shall be published in the Bundesanzeiger. The cost of publication shall be paid in advance by the applicant.

(4) Any person may inspect the Register of Authors. Extracts from the Register shall be issued on request; when required, they shall be certified.

(5) The Federal Minister for Justice shall be empowered to issue statutory orders

1. regulating the form of the application and the maintenance of the Register of Authors;

2. ordering the imposition of charges (fees and expenses) to cover administrative costs relating to the entry, the issuing of a certificate of entry and the issuing of other extracts or their certification, and regulating matters concerning the party liable for costs, the time at which charges are due, the obligation of payment in advance, exemption from charges, limitation, the procedure for the fixing of charges, and legal remedies against the fixing of charges. The fee for an entry shall not exceed 30 German marks.

(6) Entries made with the Leipzig City Council under Article 56 of the Law on Copyright in Works of Literature and Music of June 19, 1901, shall remain effective.

**Article 139-141 Amending and Repealing Provisions**

(irrelevant)

**Article 142 Application in Land Berlin**

(irrelevant)

Copyright Law (Urheberrechtsgesetz, UrhG)                                                                Page 48

**Article 143 Entry Into Force**

(1) Articles 64 to 67, 69, 105(1) to (3) and 138(5) shall enter into force on the day following promulgation of this Law.

(2) All other provisions of this Law shall enter into force on January 1, 1966.

----------------------------------------------------------------------------------------------------------------

### Annex (to Article 54d(1) of the Copyright Law)
### Rates of Remuneration

**I. Remuneration under Article 54(1):**

The remuneration due to all owners of rights shall be

| | | |
|---|---|---|
| 1. | for each audio recording appliance | 2.50 DM |
| 2. | for each video recording appliance with or without audio recording | 18.00 DM |
| 3. | in respect of audio recording mediums, for each hour of playing time in normal utilization | 0.12 DM |
| 4. | in respect of video recording mediums, for each hour of playing time in normal utilization | 0.17 DM |
| 5. | for each audio and video recording appliance for whose operation separate mediums are not required (items 3 and 4) | twice the remuneration rates under items 1 and 2 |

**II. Remuneration under Article 54a(1) and (2):**

1. Remuneration due to all owners of rights under Article 54a(1) shall be, for each reproduction appliance with a capacity of

| | |
|---|---|
| from 2 to 12 copies a minute | 75 DM |
| from 13 to 35 copies a minute | 100 DM |
| from 36 to 70 copies a minute | 150 DM |
| more than 70 copies a minute | 600 DM |

2. Remuneration due to all owners of rights under Article 54a(2) shall be, for each DIN A4 page of photocopying

| | |
|---|---|
| (a) for photocopies made exclusively from books approved by a provincial authority as school books and intended for school use | 0.05 DM |
| (b) for all other photocopies | 0.02 DM |

3. For reproduction appliances with which polychrome photo-copies can be made and for polychrome photocopies, the rate of remuneration shall be double.

4. These rates of remuneration shall be applied mutatis mutandis to other reproduction processes having a comparable effect.

° Top of Page     × Statutes     ¤ Homepage     «« Previous page

The above translation was published by the International Bureau of WIPO. Reproduced with kind permission. This HTML edition by Lawrence Schäfer and © 1999 Gerhard Dannemann. The contents of this page may be downloaded and printed out in single copies for individual use only. Making multiple copies without permission is prohibited.